*353
 
 Peaeson, C. J.
 

 The land, which is the subject of controversy, is devised to Louis H. McDaniel and
 
 Ms
 
 heirs, and if there was no other restriction than that contained in the provision “should he desire to sell, my five or surviving sons shall have the offer of the purchase at a price agreed on, or to be fixed by a reference to three persons, chosen by the parties, at which price they may have the land, should they be disposed to take it,” the case would fall under the decision in
 
 Newland
 
 v.
 
 Newland,
 
 1 Jones’ Rep. 463, because, as by the devise he takes an estate
 
 m fee simple,
 
 to which a general power of disposition is. incident, the attempt to restrain the right of disposition, would be inconsistent with the nature of the eslate, and, therefore, have no legal effect. But there is this further restriction, “should he die leaving no lawful heir or issue surviving him, the land shall be equally divided between 1113’ surviving sous,” which operates as a condition to cut down his estate. So, lie does not take a fee simple absolute, but a fee determinable upon his death without a child or other issue him surviving. To this determinable fee a power of disposition is not incident. On the contrary, it is settled that the taker of the first fee has not the power, by any mode of conveyance, to alien the estate so as to defeat the estate of those entitled under the limitation over;
 
 Craig
 
 v. Myers, Busb. 169. In order, therefore, that he should have the right to sell, it was necessary for the devisor to confer it on him, and, in tfoing so, as a matter of course, he had a right to impose restrictions, so that if the devisee died without selling the laud, it would pass under the limitation over, hut if lie complied with the terms imposed, he might alien the land in fee simple. This limitation over, which cuts down the first estate, and the restricted power of sale, brings our case within the decision in
 
 Hall
 
 v.
 
 Robinson,
 
 3 Jones’ Eq. 349. If one devises in fee simple, he cannot make a limitation over by way of executory devise without cutting down the first fee, in order to make room for the second; for, after giving a fee simple absolutely, there is no part of the estate or interest left in him. So, if one devises without an express limitation of the estate,
 
 *354
 
 and gives a general power to dispose of the land, lie cannot make a limitation over to a third person in case the first taker dies without disposing of the land, or of such part as be may not dispose of, for the general power confers the absolute ownership, and leaves nothing in the devisor. But, if one devises to A and his heirs, the estate of A to be void in the event of his dying without a child living at his death, the devisor still has some interest which he may give to a third person, or by reason of which he may confer on A a power of disposition with such restrictions as he may see proper to impose, and there is no principle of law which prevents him from doing both, as is done in our case. The limitation over, and the restriction upon the power of selling, show that it was not the intention to give Louis H. McDaniel a fee simple absolute.— A fee, conditional at common law, furnishes an analogy. Upon the birth of issue, the tenant had power to alien in fee simple. If he did so, the entire estate passed, otherwise, it remained subject to the possibility of a reverter, and the descent was governed by the terms of the original limitation.
 

 The bill is framed on the idea that, supposing the plaintiff not to have a fee simple absolute, but to have a determinable fee with a restricted power of sale, and a limitation over to the defendants in the event of his dying without a child surviving, and without selling in the manner prescribed, the defendants ought not, in conscience, to act the part of the “ dog in the manger,” and while they refuse to buy thetnselveB, prevent the plaintiff from selling to any one else by throwing a cloud over his right, and thereby defeat the power of selling, which the devisor conferred on him.
 

 This equity, the defendants are not able to meet; for it is evident that under the will, the plaintiff either takes an absolute estate, and the limitation over to them is void; or he takes a determinable fee with a limited power of sale, and U so, it is against equity for them.to interpose difficulties in the way of his exercising it, with a view to take their chances under the limitation over.
 

 It will be declared to be the opinion of the Court, that the
 
 *355
 
 plaintiff has the power to sell, so as to pass a fee simple estate, giving to the defendants the offer of the purchase, as directed in the will. To this end, the master will be directed to enquire of the defendants whether they desire to purchase jointly or severally, and if so, at what price. The proposal in respect to the price to be made by the first of September next, and if the parties do not agree as to the price, then the value to be fixed by disinterested persons, and the cause is retained for further directions.
 

 Pee Curiam, Decree accordingly.