Battle, J.
 

 The only question which the pleadings present for our decision, involves the construction of the 28th section, chapter 119th of the Eevised Code, which is in the following words: “Whc?n any person, being a child or other issue of the testator, to whom any real or personal estate shall be devised or bequeathed for any estate or interest, not determinable at or before the death of such person, shall die in the lifetime of the testator, leaving issue, and any such issue of such person shall be living at the death of the testator, such devise or bequest shall not lapse, but shall take effect and vest a title to such estate in the issue snrvivirg, if there be any, in the same manner, proportion and estate, as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by the will.”
 

 In the case now before ns, Casper Smith, the testator, devised and bequeathed to his son, Casper 0. Smith, both real and personal estate. The son was alive at the time when the will -was made, but died before his father, leaving several children who are the present plaintiffs. At the time of the son’s death, his father was his surety for a debt which the defendants, as his father’s executors, have been called upon to pay. The creditor is the guardian of the deceased son’s children, and is whiling to permit the executors to pay the debt out.of the property devised and bequeathed to the deceased son, if, upon the true construction of the act, to which reference has been made, his children take the property subject to the payment of their father’s debts.
 

 
 *307
 
 The act contained in the Eevised Code, is taken with some slight changes of phraseolgy, from the 122d chapter, section 15 of the Eevised Statutes, which was a literal re-enactment of the act of 1816, (ch. 915 of the Eevised Code of 1820,) with the preamble omitted.
 

 The question which we are now called upon to consider, has not, so far as we are aware, been the subject of judicial consideration, and we are therefore left to determine it without the aid of precedents, upon those rules of construction which the Judges and sages of the law have laid down as guides for the exposition of statutes. One of those rules is, that an en-quiry ¿should be made as to what was the old law, what the mischief which existed under it, and what the remedy applied by the Legislature, the words of which must be so construed as to suppress the mischief, and advance the remedy ; 1 Blackstone’s Commentaries 87. The Legislature has, itself, furnished us the necessary lights in making this inquiry, by the preamble which was annexed to the original act of 1816. That preamble reads as follows: “Whereas, it is a rule of common law, as in force and use, in this State, that where any person makes a last will and testament in writing, and devises any portion of his or her estate to his or her child or children, and the heirs, executors, administrators and assigns of such child or children, and such child or children dies before such testator or .devisor, leaving issue, that then, and in that case, the legacy, share or proportion of such testator’s estate, so devised, lapses or falls into the residuum, 'where one is devised, and, in other cases, descends, and is distributable among his next of kin generally, asin cases of intestacy, to the prejudice of the beneficent views of such testator, and to the just expectations of the issue of such child or children; for prevention whereof,
 
 Be it enacted, So.”
 
 It is apparent from this, that prior to the year 1816, the law was such, that if a devise or bequest were made by a testator to his child, and such child died in his life-time, leaving issue, the devise or legacy would lapse and fall into the residuum, if there were any residuary clause in the will; or if there were none, would be intestate property, and descend to the heirs-
 
 *308
 
 at-law, or be distributed among the next of kin of the testator, according to the nature of the property. The mischiefs which the Legislature had in view, and which they intended to prevent was, that the benevolent intentions of the testator towards the issue of his deceased child were frustrated, and the just expectations of such issue were disappointed. Nota word is said, nor is the slightest intimation given, that any part of the mischief existing under the old law, was that the creditors of the deceased child would fail to have an opportunity to secure their debts out of the lapsed devise or legacy. The issue alone, and not the creditors of the deceased child, were in the contemplation of the Legislature, and accordingly the remedy will be found to apply only to them. By the original act of 1816, and by it as revised, in 1836, (1 Revised Stat. ch. 122, sec. 15,) the issue are to take the devise or legacy “in the same manner, and to the same extent,” as it would have vested in the deceased child had he or she been in full life at the death of the testator. In the Revised Code, the provision in favor of the issue of a deceased child, makes them take the devise or legacy “in the same maimer, proportions and estates, as if the death of such person had happened immediately after the death of the testator, unless a contrary intention shall appear by the will.” The form of expression, in the latter enactment, varies somewhat from that of the former, but the idea is the same, that the issue, whether one or more is, or are to take the devise or legacy and to take the same estate in it, which his, her or their father or mother would have taken had he or she survived the testator, whether as a tenant in severalty, or a tenant in common with others. Had the Legislature intended the issue to take the properly subject to the debts of the deceased child, a very different phraseology would have been necessary to express clearly and fully that intention, particularly with regard to personal estate. In that case, the language would have been in substance that the legacy should vest, first in the executor or administrator of the deceased child, to be by him distributed, after the payment of debts, among the children of his testator or intestate. We can
 
 *309
 
 not believe that any sueh idea was in the mind' of the Legislators, and, we therefore, declare our opinion to be, in the case before us, that the children of the deeeased devisee and legatee, Casper C. Smith, take the real and personal estate devised and bequeathed to him by the defendant’s testator, without any liability for the debt mention in the pleadings. A decree may be drawn in accordance with this opinion.
 

 Pee CueiaM, _ Decree accordingly.