D. NEWTON FARNELL, JR., ADMINISTRATOR C. T. A. OF TALLIE A. POOLE, DECEASED, v. GLADYS H. DONGAN AND HER HUSBAND, R. LEE DONGAN, C. L. HOLDEN, R. F. POOLE, AND OTHERS.

(Filed 28 January, 1935.)

**Wills F h—Under C. S., 4166, devise lapses upon prior death of devisee unless devisee would have been heir at law and bequest lapses unless legatee would have been distributee of testator.**

The owner of real and personal property executed a will devising and bequeathing all his property, both real and personal, to his wife. His wife predeceased the testator. Testator left no children him surviving. *Held,* the collateral heirs at law of testator are entitled to the real property, the devise to the wife having lapsed by reason of her prior death, and the provisions of C. S., 4166, not applying to prevent such lapse of the devise, since the wife would not have been an heir at law of testator had she survived him, but the children of the wife by a prior marriage are entitled to the personalty, since the wife would have been a distributee of the personal estate of her husband had she survived him, and the statute, C. S., 4166, providing that in such case the legacy should not lapse, but should go to the surviving issue of the legatee, the statute clearly recognizing the distinction between real and personal property for the purposes of devolution.

APPEAL by the defendants other than Gladys H. Dongan and her husband, R. Lee Dongan, and C. L. Holden, from *Alley, J.,* at November Term, 1934, of the Superior Court of GUILFORD. Modified and affirmed.

This is an action for a judgment declaratory of the rights of the defendants in and to the property, real and personal, which constitutes the estate of Tallie A. Poole, deceased. Ch. 102, Public Laws of N. C., 1931; N. C. Code of 1931, Art. 25 (a).

When the action was called for trial, the parties filed with the court a statement of facts agreed, which are as follows:

1. Tallie A. Poole died in Guilford County, North Carolina, on 2 February, 1934, leaving as his heirs at law and next of kin the defendants other than Gladys H. Dongan and her husband, R. Lee Dongan, and C. L. Holden. The defendants Gladys H. Dongan and C. L. Holden are the children, by a former marriage, of his wife, Nellie Bilbro Poole, who died on 12 January, 1931. Tallie A. Poole and Nellie Bilbro Poole were married to each other on 20 June, 1924. No children were born of their marriage. Tallie A. Poole left no issue surviving him. The defendants other than Gladys H. Dongan and her husband, R. Lee Dongan, and C. L. Holden, are his brothers and sisters, and nieces and nephews, the children of deceased brothers and sisters.

2. On 4 February, 1927, Tallie A. Poole duly executed as his last will and testament a paper-writing which is as follows:

"I, Tallie A. Poole, of Guilford County, North Carolina, declare this to be my last will, and hereby revoke all former wills:

"I will and bequeath to my wife, Nellie B. Poole, all of my property of every nature, both real and personal, to be hers forever. I hereby appoint my wife, Nellie B. Poole, to be my sole administratrix, to serve without bond."

3. After the death of Tallie A. Poole, the said paper-writing was duly probated and recorded as his last will and testament. The plaintiff was duly appointed as administrator *c. t. a.* of the estate of Tallie A. Poole.

4. After the payment of all the costs and expenses of the administration, and of all claims of creditors of the estate, the estate of Tallie A. Poole will consist of personal property of the value of about $300.00, and of real property of the value of about $1,500.

The defendants Gladys H. Dongan and C. L. Holden contend that as the surviving children of their mother, Nellie Bilbro Poole, the sole devisee and legatee of Tallie A. Poole, they are entitled, under the provisions of C. S., 4166, to all the property, both real and personal, which will constitute the net estate of Tallie A. Poole.

The defendants other than Gladys H. Dongan and her husband, R. Lee Dongan, and C. L. Holden, contend that as heirs at law and next of kin of Tallie A. Poole, deceased, they are entitled to said estate, for the reason that his wife, Nellie Bilbro Poole, predeceased him, and that the provisions of C. S., 4166, are not applicable to said estate.

The court was of the opinion that by virtue of the provisions of C. S., 4166, the defendants Gladys H. Dongan and C. L. Holden are entitled to all the property, both real and personal, which will constitute the estate of Tallie A. Poole, deceased, and so adjudged.

The defendants other than Gladys H. Dongan and C. L. Holden appealed to the Supreme Court.

*Herbert S. Falk for defendants Gladys H. Dongan, R. Lee Dongan, and C. L. Holden.*

*Brooks, McLendon & Holderness and Robert A. Merritt for defendants R. F. Poole and others.*

CONNOR, J. Nellie Bilbro Poole, the sole devisee and legatee in the last will and testament of her husband, Tallie A. Poole, having predeceased him, both the devise of the real property and the legacy of the personal property referred to in the will lapsed, unless the provisions of C. S., 4166, are applicable to the facts in this case. Otherwise, the real property devised to her in the will descended to the heirs at law of the testator, and the personal property bequeathed to her must be distributed among his next of kin. In that event, the defendants Gladys H. Dongan and C. L. Holden, the children of Nellie Bilbro Poole, by a former marriage, would not be entitled to either the real property devised to their mother, or to the personal property bequeathed to her, in the will. Their rights in and to the property, if any, are dependent upon the statute.

C. S., 4166, is as follows: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law, or otherwise incapable of taking effect, shall be included in the residuary clause (if any) contained in such will: *Provided,* there shall be no lapse of the devise or the legacy by reason of the death of the devisee or legatee during the life of the testator, if such devisee or legatee would have been an heir at law or distributee of such testator had he died intestate, and if such devisee or legatee shall leave issue surviving him; and if there is issue surviving him, then the said issue shall have the devise or bequest named in the will."

Nellie Bilbro Poole, wife of Tallie A. Poole, would not have been an heir at law of her husband had she been living at his death; she would, however, have been a distributee of his personal estate. For this reason, under the statute, the devise in the will lapsed, notwithstanding the provisions of the statute. Not so, however, with respect to the legacy.

The devise in the last will and testament of Tallie A. Poole having lapsed, the real property, which was the subject-matter of the devise, descended to the defendants, who are heirs at law of the testator.

The legacy did not lapse. As the legatee would have been a distributee of the estate of the testator had she been living at his death, and had he died intestate, and having left issue surviving her, the per-

sonal property which was the subject-matter of the legacy must be distributed to such issue.

The defendants Gladys H. Dongan and C. L. Holden, by virtue of the provisions of C. S., 4166, are entitled to the personal property now in the hands of the plaintiff for distribution. They are not entitled to the real property which was owned by Tallie A. Poole at his death. The defendants other than Gladys H. Dongan and C. S. Holden, who are heirs at law of Tallie A. Poole, are entitled to the real property which was owned by him at his death.

The statute is not ambiguous. The intention of the General Assembly in its enactment is expressed in language which leaves no room for judicial construction. The distinction found in the common law between real and personal property for purposes of devolution is recognized and preserved. This appears from the use of the words "devise" and "legacy," "heir at law," and "distributee." Whether this distinction should be abandoned in the law of this State, as having no sound basis under modern social and economic conditions, is a matter for the General Assembly, and not this Court, to determine.

The judgment, as modified in accordance with this opinion, is affirmed.

Modified and affirmed.