MARY MADGE BARNES SHOEMAKER, ORIGINAL PLAINTIFF, AND ALLEN MOYE, SUBSTITUTED PLAINTIFF, v. LILLIE BARNES COATS AND HUSBAND, G. H. COATS.

(Filed 9 October, 1940.)

1. **Wills § 33a—**

The cardinal rule in the construction of a will is to ascertain and give effect to the intent of the testator as expressed in the language used, and technical rules will not be applied to defeat the intention which substantially appears from the entire instrument, although accepted canons of construction, which have become settled rules of law and property, cannot be disregarded.

2. **Wills § 34—Will held to disclose that words "in fee simple" were not used in technical sense, but that testatrix intended to devise only life estate.**

Husband and wife executed reciprocal wills. The wife predeceased her husband and this action was instituted after the death of the husband. The wife owned the *locus in quo* and devised same to her husband "in fee simple, my entire estate as long as he lives, he to use only the rents and interest which may accrue on said estate," and by later item provided, "at my beloved husband's death I give and devise" to one of their two daughters "the balance of my estate." *Held:* The husband took only a life estate in the land, it being apparent from the construction of the instrument as a whole that the words "in fee simple" were not used in their technical sense, but that testatrix intended to convey to her husband only a life estate, and the daughter took the fee in the remainder under the devise of the "balance of my estate," the term "estate" in lands meaning any interest therein; but *held further,* if it should be construed that the husband took the fee simple, the said daughter acquired the fee simple under the corresponding item in his will.

STACY, C. J., concurring.
BARNHILL and WINBORNE, JJ., join in concurring opinion.

APPEAL by substituted plaintiff, Allen Moye, from *Thompson, J.,* at April Civil Term, 1940, of JOHNSTON. Affirmed.

This is a special proceedings for partition, brought by plaintiff, Mary Madge Barnes Shoemaker, against defendant, Lillie Barnes Coats, for an actual division of 152.8 acres of land in Johnston County, N. C., claiming a one-half interest in said land. N. C. Code, 1939 (Michie), sec.

3215. Defendant set up the plea of sole seizin. On the issue of fact it was transferred to the Superior Court. Mary Madge Barnes Shoemaker sold her interest in the land to Allen Moye, who was substituted plaintiff.

The last will and testament of Bettie J. Barnes, deceased, was as follows:

"North Carolina—Johnston County.

"I, Mrs. Bettie J. Barnes, of the aforesaid County and State, being of sound mind but considering the uncertainty of my earthly existence do make and declare this my last will and testament:

"First, My executor hereinafter named shall give my body a decent burial suitable to the wishes of friends and relatives, and pay all ex-penses for funeral together with all my just debts out of the first moneys which may come into his hands belonging to my estate.

"Second: I give and devise to my beloved husband, Chas. L. Barnes, in fee simple, my entire estate as long as he lives, he to use only the rents and interest which may accrue on said estate.

"Third: At my beloved husband's death, I give and devise to my beloved daughter, Mary Madge Barnes, five ($5.00) Dollars to be paid by my executor within two years.

"Fourth: At my beloved husband's death, I give and devise to my beloved daughter, Lillie L. Coats, wife of G. H. Coats, the balance of my estate, to be paid by my executor within two years.

"Fifth: I hereby constitute and appoint my trusted friend, G. Herman Coats, my lawful executor to all intents and purposes to execute this my last will and testament, according to the true intent and meaning of same and every part and clause thereof revoking and declaring utterly void all other wills and testaments by me heretofore made.

"In Witness whereof, I, the said Mrs. Bettie J. Barnes, do hereunto set my hand and seal, the 3rd day of August, 1920.

"MRS. BETTIE J. BARNES    (Seal).

"Signed, sealed and published and declared by the said Mrs. Bettie J. Barnes, to be her last will and testament, in the presence of us, who, at her request and in her presence (and in the presence of each other) do subscribe our names as witnesses hereto.

"HUGH FERRELL<br>W. F. WEATHERS.

"Admitted to probate February 10, 1932, and docketed in Will Book 9, page 509, in the office of the Clerk of the Superior Court of Johnston County."

The judgment of the court below was as follows:

"This cause regularly coming on to be heard at this term of the court, before the undersigned Judge Presiding, all parties being personally present before the court and/or represented by counsel, and it appearing to the court and the court finding from the records presented and the admissions of counsel:

"1. That this action was originally instituted by Mary Madge Barnes Shoemaker, as plaintiff, against Lillie Barnes Coats and husband, G. H. Coats, the latter of whom is now dead.

"2. That in Item 3 of the Will of Isaac W. Jones, Sr., which is duly recorded in Will Book No. 4, page 365, office of the clerk of this court, the testator's daughter, Mary Ann Elizabeth Barnes, was devised in fee simple the tract of land referred to in paragraph 3 of the complaint, and minutely described as follows: Lying and being in the County of Johnston and State of North Carolina, adjoining the lands of Billie Jones, Mack Jones Hall, *et als.,* and lying and being in Clayton Township, Johnston County, North Carolina, and being the lands formerly owned by the late Isaac Jones, and being the same farm through which the Southern Railroad running between Raleigh and Goldsboro passes and upon which the station known as Powhatan Station, and being the same lands referred to in the Will of Isaac Jones, deceased, to which said Will reference is here made for a more complete description, containing 152.8 acres, more or less.

"3. That Martha Ann Elizabeth Barnes intermarried with .Charles L. Barnes, and there were two children born of the marriage, viz.: (A) The plaintiff, Mary Madge Barnes, who intermarried with one Shoemaker, now deceased, and (B) The defendant, Lillie Barnes, who intermarried with G. H. Coats, now deceased, as above stated.

"4. That Martha Ann Elizabeth Barnes, the wife of Chas. L. Barnes, is the identical person who duly executed the Will signed in the name of Bettie J. Barnes, which was dated August 3, 1920, and duly probated and is of record in Will Book No. 9, page 509, in the office of the Clerk of the Court.

"5. That the Mary Madge Barnes referred to in the third item of the Will of Martha Ann Elizabeth Barnes, *alias* Bettie J. Barnes, is the same person as the original plaintiff herein, and Lillie L. Coats referred to in the fourth item of said Will is the same person as the *feme* defendant herein, *i.e.,* Lillie Barnes Coats.

"6. That the testatrix, Bettie J. Barnes, died on the 3rd day of February, 1932, leaving her surviving, her husband, Charles L. Barnes, and two children, mentioned in paragraph 3, *supra,* viz.: Mary Madge Barnes Shoemaker and Lillie Barnes Coats.

"7. That the said Charles L. Barnes died testate on the 4th day of

May, 1938, leaving him surviving the said two children, Mary Madge Barnes Shoemaker and Lillie Barnes Coats.

"8. That the last Will and testament of said Charles L. Barnes was dated on the 3rd day of August, 1920 (being the same date as the date of the Will of his deceased wife—see paragraph No. 4, *supra*). That said Will was duly probated and is of record in Will Book No. 11, page 325, office of the Clerk of this Court.

"9. That G. H. Coats, husband of Lillie Barnes Coats, was in the possession of the lands aforesaid during the years 1932 and 1933, and paid to the original plaintiff herein, Mary Madge Barnes Shoemaker, an amount equal to one-half of the net value of the rents from said lands for each of said years.

"10. That the original plaintiff herein, Mary Madge Barnes Shoemaker, duly executed and delivered to Allen Moye a deed dated December 30, 1939, which was duly filed for record on January 24, 1940, and is duly of record in Book 412, page 53, office of the Register of Deeds of Johnston County, which deed is sufficient in form to convey any and all interest in the lands described in said deed, which was owned by the grantor.

"11. That said Allen Moye was duly substituted as plaintiff herein.

"From the foregoing facts, the court concludes, orders and adjudges that the defendant, Lillie Barnes Coats, is sole seized in fee of the lands described in the complaint and that neither the original plaintiff herein, Mary Madge Barnes Shoemaker, nor the substituted plaintiff, Allen Moye, has any title to or interest in any aforesaid lands.

"It is further adjudged that the plaintiffs and L. J. Grady, the surety on their prosecution bond, pay the costs of the action to be taxed by the Clerk.

"It is further ordered and decreed that this judgment be recorded in the office of the Register of Deeds of Johnston County and the Clerk of this Court is directed to make an entry, upon the margin of the record of the deed in Deed Book 412, page 53, referring to this Judgment and the Book and page of its recordation. C. E. Thompson, Judge Presiding."

To the foregoing judgment the plaintiff, in apt time, excepted, assigned error and appealed to the Supreme Court.

*Louis I. Rubin, Sutton & Greene, Chas. F. Rouse, and J. A. Jones for substituted plaintiff.*

*Lyon & Lyon for defendant.*

CLARKSON, J. The substituted plaintiff's exceptions and assignments of error are: "(1) For that the court erred in refusing to enter judg-

ment in favor of the substituted plaintiff upon the pleadings, exhibits and the admissions of counsel. (2) For that the court erred in entering a judgment as set out in the record." We think these exceptions and assignments of error cannot be sustained.

The land in controversy was willed in fee simple by Isaac W. Jones, Sr., to his daughter, Martha Ann Elizabeth Barnes. Martha Ann Elizabeth Barnes intermarried with Charles L. Barnes, and there were two children born of the marriage, viz.: (1) The plaintiff, Mary Madge Barnes, who intermarried with one Shoemaker, now deceased, and sold her interest to Allen Moye, substituted plaintiff, and (2) the defendant, Lillie Barnes, who intermarried with G. H. Coats.

Martha Ann Elizabeth Barnes (will signed Bettie J. Barnes) died on 3 February, 1932, leaving her surviving her husband, Charles L. Barnes, and their two children before mentioned: Mary Madge Barnes Shoemaker and Lillie Barnes Coats.

The said Charles L. Barnes died testate on 4 May, 1938, leaving him surviving the said two children, Mary Madge Barnes Shoemaker and Lillie Barnes Coats.

The last will and testament of the said Charles L. Barnes was dated on 3 August, 1920 (being the same date as the date of the will of his deceased wife, Bettie J. Barnes). The original plaintiff herein, Mary Madge Barnes Shoemaker, duly executed and delivered to Allen Moye a deed dated 30 December, 1939, which was duly recorded, which deed is sufficient in form to convey any and all interest in the lands described in said deed, which was owned by the grantor.

(1) This appeal involves the construction of two wills, each containing similar language, and it presents this question: Did Charles L. Barnes take a life estate under Item 2 of the will of Bettie J. Barnes? We think so.

In Items 2, 3 and 4 of Bettie J. Barnes' will is the following:

"Second. I give and devise to my beloved husband, Chas. L. Barnes, in fee simple, my entire estate as long as he lives, he to use only the rents and interest which may accrue on said estate.

"Third: At my beloved husband's death, I give and devise to my beloved daughter, Mary Madge Barnes, Five ($5.00) Dollars to be paid by my executor within two years.

"Fourth: At my beloved husband's death, I give and devise to my beloved daughter, Lillie L. Coats, wife of G. H. Coats, the balance of my estate, to be paid by my executor within two years."

In *Williamson v. Cox, ante,* 177, the rule as to the construction of wills is thus stated by *Devin, J.,* for the Court: "The cardinal principle in the interpretation of wills is that the intention of the testator as expressed in the language of the instrument shall prevail, and that the

application of technical rules will not be permitted to defeat an intention which substantially appears from the entire instrument. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Smith v. Mears, post,* 193. However, accepted canons of construction which have become settled rules of law and property cannot be disregarded. As was said in *May v. Lewis,* 132 N. C., 115, 43 S. E., 550: 'It is our duty, as far as possible, to give the words used by a testator their legal significance, unless it is apparent from the will itself that they were used in some other sense.' 4 Kent's Com., 231."

We think it clearly appears that the words "in fee simple," in Item 2, were not used in their legal or technical sense, for immediately after them is the following, "My entire estate as long as he *lives,*" then further, *"he to use only the rents and interest* which may accrue on said estate." Also to be noted in Item 3 and 4 is the language "at my beloved husband's death," showing only a life estate was given.

(2) If Charles L. Barnes took a life estate under Item 2 of the will, did Lillie Coats, the defendant, appellee, take a fee simple under Item 4 of this will? We think so.

Charles L. Barnes, having taken a life estate under Item 2, Item 4, we think, in clear language gives to Lillie (Barnes) Coats, the defendant, *"the balance of my estate."*

Black's Law Dictionary (3rd Ed., p. 682) defines "Estate": "The interest which anyone has in lands, or in any other subject of property . . . (citing authorities). An estate in lands, tenements and hereditaments signifies such interest as the tenant has therein. 2 Bl. Comm., 103." The degree, quantity, nature and extent of interest which a person has in real property is usually referred to as an estate, and it varies from absolute ownership down to naked possession. *Nicholson Corp. v. Ferguson,* 243 P., 195, 200, 114 Okla., 10. Black, *supra.*

(3) From our construction of the will of Bettie J. Barnes, we think the land in controversy went to Lillie Barnes Coats, the defendant. But, if Charles L. Barnes took a fee simple under Item 2 of the will of Bettie J. Barnes, did Lillie Barnes Coats, the defendant, appellee, take a fee simple under Item 4 of the will of Charles L. Barnes? We think so.

In Item 4 of Charles L. Barnes' will is the following: " 'Fourth,' at my beloved wife's death I give and devise to my beloved daughter Lillie L. (Barnes) Coats, wife of G. H. Coats, the *balance of my estate* to be paid by my executor within two years."

We think the language is clear. The third item in both wills only gave five ($5.00) dollars to Mary Madge Barnes (now Shoemaker), and her assignee, Allen Moye, substituted plaintiff, from the construction we place on the will, has no interest in the land in controversy.

We think the case of *Barco v. Owens,* 212 N. C., 30, easily distinguishable from the present action. Having construed Item 2 to give only a life estate, the case of *McDaniel v. McDaniel,* 58 N. C., 351, and like cases are not applicable. For the reasons given, the judgment of the court below is

Affirmed.

STACY, C. J., concurring specially: The intent of the testator, as gathered from the language used by him, is to govern in the interpretation of his will, unless contrary to some rule of law or at variance with public policy. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 357.

One rule of law is, that technical terms are to be given their legal significance, unless it appear from the will itself that they were used in some other permissible sense. *Goode v. Hearne,* 180 N. C., 475, 105 S. E., 5; *May v. Lewis,* 132 N. C., 115, 43 S. E., 550. Another is, that a restraint on alienation, though for a limited time, annexed to a devise in fee, is void. *Williams v. McPherson,* 216 N. C., 565, 5 S. E. (2d), 830; *Douglass v. Stevens,* 214 N. C., 688, 200 S. E., 366; *Wool v. Fleetwood,* 136 N. C., 460, 48 S. E., 758. Still another, that where real estate is devised in fee simple, a subsequent clause in the will disposing of the remainder or what is left of the property after the death of the devisee is not to defeat the devise, nor limit it to a life estate. *Heefner v. Thornton,* 216 N. C., 702, 6 S. E. (2d), 506; *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862. And still another, that the law favors the fee construction. *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118.

For example, in *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60, a devise to James Maynard of one-third of testator's Reedy Creek land, "his lifetime only, and then to his bodily heirs," was held to be a fee under the rule in *Shelley's case,* notwithstanding the express limitation, "his lifetime only." The subsequent use of technical terms was held to overcome the prior limitation. And in *Douglass v. Stevens, supra,* a restraint on alienation, though clearly intended by the testator, was disregarded as repugnant to the original devise. And further, in *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838, an indefinite devise was held to be a devise in fee.

So, here, if we give to the words "in fee simple" their legal significance, the devise is to Chas. L. Barnes in fee simple with an attempted restraint on the use, which attempted restraint is to be disregarded as void. *Barco v. Owens, supra.*

No case has been found to support a different interpretation. Indeed, it is provided by C. S., 4162, that when real estate is devised to any person, the same shall be held and construed a devise in fee simple, unless such devise shall, in plain and express language show, or it shall

9—218

be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Jolley v. Humphries,* 204 N. C., 672, 167 S. E., 417.

When a testator uses the words "in fee simple" he is supposed to know what they mean. At least, we cannot assume that he was ignorant of their meaning. He used them to express his intent. *Leathers v. Gray,* 101 N. C., 162, 7 S. E., 657. It is not to be overlooked that in the quest for the intent of the testator, it is "not the intention that may have existed in his mind, if at variance with the obvious meaning of the words used, but that which is expressed by the language he has employed." *McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399. See, also, *Hodges v. Stewart, post,* 290.

It appears, however, that Bettie J. Barnes predeceased her husband. Hence, the reciprocal devise to her lapsed, C. S., 4166, not being applicable, *Farnell v. Dongan,* 207 N. C., 611, 178 S. E., 77; *Beach v. Gladstone, ibid.,* 876, 178 S. E., 546, and Lillian L. Coats takes the property under Item 4 of her father's will. Perhaps it should be noted that this view of the case was not considered in the court below and the parties have not been heard in respect thereof.

BARNHILL and WINBORNE, JJ., join in this opinion.