D. BARTON v. JOHN W. CAMPBELL, ADMINISTRATOR C.T.A., D.B.N., OF THE
ESTATE OF ROSE ANN BARTON, DECEASED; LUCY B. CHAVIS, MARY
B. DIAL, ODOM BARTON, HESTER B. OXENDINE, MARTHA LEE
SMITH, ELLA BARTON, BLANCHE OXENDINE, LEOLA BARTON,
VASHTI BARTON, MAE BARTON LOCKLEAR, ALSBY BARTON,
SAMUEL BARTON AND SYLVIA BARTON; AND ANY AND ALL UNBORN
CHILDREN OF D. BARTON, AND ANY AND ALL UNKNOWN HEIRS OF ROSE
ANN BARTON.

(Filed 11 January, 1957.)

**1. Wills § 31—**

The intent of testatrix is her will and must be carried out unless some
rule of law forbids it.

**2. Wills § 33c: Estates § 17—**

A bequest of personalty to a named person with provision that should
the legatee have no bodily heirs at his death, the property should go back
to testator's estate, is valid, and if the legatee should die without bodily
heirs, the limitation over becomes effective and his estate must account
for the *corpus* of the fund, an executory limitation over in personalty not
being in violation of any rule of law in this State.

**3. Wills § 34c: Adoption § 6—**

While adoption creates the legal relationship of parent and child as
between the parties, an adoption does not make the child a lawfully begot-
ten heir of the adoptive parent, and therefore where there is bequest of
personalty with provision that if the legatee should die without bodily
heirs the property should go back to the estate, the adoption of a child by
the legatee does not satisfy the limitation in the will.

JOHNSON, J., not sitting.

APPEAL by defendants Lucy B. Chavis, Mary B. Dial, Odom Barton,
Hester B. Oxendine, Martha Lee Smith, Ella Barton, Blanche Oxendine,
Leola Barton, Vashti Barton, Mary Cattie Locklear and Coree Oxen-
dine from *Hall, J.,* September, 1956 Civil Term, ROBESON Superior
Court.

This action was instituted under the Declaratory Judgment Act
(G.S. 1-26) for the purpose of having the court construe the will of
Rose Ann Barton. The will was executed 23 April, 1936. The testa-
trix died 14 July, 1955. The dispositive items of her will are:

"First. I hereby give and devise to my son, D. Barton, 25 acres of
land, including the dwelling house where I now live and all barns,
stables, and outhouses; and all personal property that I may own
*and* the time of my death. If he should never have any bodily
heirs at his death the property above described shall then go back
to my estate.

"Second. I hereby give my household goods to my two daughters Mary Dial and Lucy Chavis.

"Third. All other property that I may own at the time of my death other than the above described shall be equally divided among my heirs."

The testatrix owned a tract of land containing 50 acres on which was situated the dwelling house and other buildings. The controversy involves only the personal property bequeathed in item First. The sum of $3,965 was on deposit in the Scottish Bank of Pembroke. It seems to be conceded the description of the twenty-five acres of land in item First (it being a part of a larger tract) is insufficient to identify the land attempted to be devised, and that the devise is void for uncertainty. The trial court so held and from that holding there was no appeal.

There is no controversy over items Second and Third of the will. The court found as a fact that D. Barton is not the natural father of a child or children, but that on 8 April, 1954, he adopted Sylvia and Samuel Barton for life. The trial court held that all personal property except household goods passed absolutely to D. Barton under item First of the will and the attempt to place a limitation or restriction upon the bequest was void for repugnancy. From the judgment, certain of the defendants appealed.

*N. L. Britt for plaintiff, appellee.*
*Hackett & Weinstein,*
*By: Robert Weinstein for defendants, appellants.*

HIGGINS, J. Two questions are presented for decision: (1) Does item First of the will place a limitation upon the title to personal property bequeathed to the plaintiff? (2) If so, is the limitation satisfied and removed by the adoption of Sylvia and Samuel Barton?

In finding the answer to question (1), we must recognize that the intention of the testatrix is her will. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888. The intent must be carried out unless some rule of law forbids it. *Hummell v. Hummell,* 241 N.C. 254, 85 S.E. 2d 144; *Trust Co. v. Green,* 238 N.C. 339, 78 S.E. 2d 174.

When the testatrix said the property bequeathed "shall go back to my estate" if the legatee "shall never have any bodily heirs," the expressed intent does not violate any rule of law. "The rule is well established that personal property as well as real estate is a proper subject of executory interest and limitation, provided the contingency operating to defeat the estate of the first taker is no more remote than

the law allows." (Rule against Perpetuities.) *Woodard v. Clark,* 236 N.C. 190, 72 S.E. 2d 433; Thompson on Wills, 433, sec. 357; *Zollicoffer v. Zollicoffer,* 20 N.C. 574; *Jones v. Spaight,* 4 N.C. 157.

"The rule has been applied in like manner where there was a gift generally to the first taker of (1) specific personal property, or (2) the entire estate of testator, or (3) the residue of the estate with a limitation over to others in the event the original donee should die without issue or upon some other contingency." (Citing cases.) "When such future interest is created by will it is valid and vests in the ulterior taker an enforceable title either vested or contingent, depending on the condition or event upon the happening of which the right of possession is made to rest." *Woodard v. Clark,* 236 N.C. 190, 72 S.E. 2d 433.

From the foregoing we conclude the provision in the will is valid and in the event D. Barton dies without bodily heirs, the personal property bequeathed to him must go to the ulterior legatees.

Proceeding to the second question: Does the adoption for life of Sylvia and Samuel Barton satisfy the limitation in the will by making them bodily heirs of D. Barton? By the laws of adoption, for the purposes of inheritance and distribution, they became the children of D. Barton. They are his children not by birth, that is by blood relationship, but by law. Adoption did not make them the bodily heirs of their adopting father. *Bradford v. Johnson,* 237 N.C. 572, 75 S.E. 2d 632; *Smyth v. McKissick,* 222 N.C. 644, 24 S.E. 2d 621; *Grimes v. Grimes,* 207 N.C. 778, 178 S.E. 573. *Bradford v. Johnson* was decided in April, 1953, since the 1947 Amendment.

"And regardless of any provisions that may be contained in an adoption law with respect to the parent and child relationship, or the right of the adopted child to take by, through, and from its adoptive parents, the adoption of a child under such law does not make such adopted child a lawfully begotten heir of the bodies of the adoptive parents." *Bradford v. Johnson, supra. Trust Co. v. Green, supra.* The words, "bodily heirs," "heirs of the body," "lawfully begotten heirs of the body," are synonymous. *Albright v. Albright,* 172 N.C. 351, 90 S.E. 303.

The laws of adoption can create a legal relationship but they cannot create a blood relationship. A testator has the right to give his property exclusively to those of his own blood. The children of D. Barton by adoption do not meet and satisfy the limitation in the will.

We conclude the plaintiff is entitled to receive from the administrator *c.t.a., d.b.n.* all the personal estate of the testatrix, except the household goods, and to use the income therefrom. And in the event he has a bodily heir, his ownership shall become absolute. But if he should die without a bodily heir, the limitation becomes effective and his estate

must account to the legatees of the testatrix for the *corpus* of the fund. *Woodard v. Clark, supra.*

The provision in the judgment of the Superior Court of Robeson County that D. Barton shall be the absolute owner of the personal property bequeathed in item First of the will is modified in accordance with this opinion. As thus modified, the judgment is affirmed.

Modified and affirmed.

JOHNSON, J., not sitting.