RHODE ISLAND HOSPITAL TRUST COMPANY, *Tr. vs.*
A. ALBERT SACK, IV, *et al.*

JULY 18, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

494

O'CONNELL, J. This bill in equity was brought by the Rhode Island Hospital Trust Company as trustee under an indenture of trust dated July 24, 1919 made by A. Albert Sack, Jr., of Providence in this state. The bill asks for instructions as to the proper construction of paragraph 7 of said trust indenture and as to the duties of said trustee in regard to the distribution of the trust estate. After evidence was presented in the superior court the cause, being ready for hearing for entry of final decree, was certified to this court for determination in accordance with the provisions of general laws 1938, chapter 547, §7.

It appears from the record that A. Albert Sack, Jr., the grantor and settlor, agreed with the trustee to deposit with it cash or securities to the value of $100,000; that under the indenture of trust the trustee agreed to pay to Marguerite S. Sack, mother of A. Albert Sack, III, for their benefit and support certain sums of money out of the income of said trust fund, or out of the principal thereof if necessary, until the said A. Albert Sack, III, should have arrived at the age of twenty-one years; that after he reached that age the trustee should pay to him the whole net income arising from said trust fund until his death. The indenture further provided that, upon the happening of certain events, which have actually occurred, the trust should terminate upon the death of A. Albert Sack, III, and thereupon said trust fund "shall be distributed in equal parts by said Trustee to the children of said A. Albert Sack, 3rd, living at the time of his decease * * *."

A. Albert Sack, III, the life beneficiary, was born January 7, 1909 and was therefore only ten years of age at

the creation of the trust. He died August 7, 1950 in Honolulu, Hawaii. A. Albert Sack, IV, one of the respondents in this suit, is a son of A. Albert Sack, III, and his first wife, Mary Katherine Pape Sack. He was born January 1, 1931 and was a minor when this suit was commenced, but reached the age of twenty-one years on January 1, 1952. The settlor died September 7, 1939.

In 1949 the life beneficiary and his second wife, Helen Hoffman Sack, by decree of a court in Honolulu, adopted a minor child, then less than a year old. She is Jorgi Davis Sack, one of the respondents in this suit. It appears that such adoption took place about thirty years after the making of the indenture of trust and ten years after the death of the settlor.

The question presented in this proceeding is whether the settlor, at the time of the execution of an irrevocable trust providing for ultimate distribution to the "children" of his nephew, who, as stated above, was only ten years of age at the time of the execution of the trust, intended to include by the use of the term "children" a child never known to the settlor and adopted by the nephew thirty years later.

It is contended on behalf of respondent Jorgi Davis Sack that, under a proper construction of paragraph 7 of said indenture of trust, the principal of the trust fund is now payable to A. Albert Sack, IV, the natural child, and Jorgi Davis Sack, the adopted child, in equal shares. The respondent A. Albert Sack, IV, contends that the word "children" does not include adopted children unless it is manifest that the settlor intended to include such children and that no such intention appears from the language of the indenture here involved. Said respondent contends, therefore, that he is entitled to the whole of such trust estate and that Jorgi Davis Sack is not entitled to any share thereof.

The applicable rule here involved has been stated by this court in *Union Trust Co.* v. *Campi*, 51 R. I. 76, 81, as follows: "The word 'children' does not usually include an

adopted child, notwithstanding a statutory provision investing an adopted child with the right of inheritance from the adopting parent, unless it is manifest from the language of the will and the surrounding circumstances, as in connection with such a statute, that the testator intended to include such child." Such is the law generally. See 3 Restatement, Property, §287, p. 1520; 70 A.L.R. 621; 57 Am. Jur., Wills, §1365, p. 904.

With particular reference to the right of a child adopted after the testator's death to take under the word "children," it is stated in 70 A.L.R. 626, as follows:

> "The fact that the adoption was subsequent to the testator's death raises a grave presumption against an intention to include such adopted child, and the better rule seems to be that the fact that the testator had no knowledge of the adoption at his death overcomes the presumption that his intention was so to draw his will as to harmonize with the adoption laws."

See *Wildman's Appeal from Probate,* 111 Conn. 683, and also *Morgan* v. *Keefe,* 135 Conn. 254, where it is stated that the fact that the adoption occurred subsequent to the death of the testator was a circumstance of great weight.

In the superior court the trial justice allowed evidence to be presented of certain statements alleged to have been made by the settlor indicating his attitude toward adoption in general and his feeling as expressed in his statement that "Sack money will stay with Sack blood." *The respondent Jorgi Davis Sack contends that such evidence was improperly admitted and that on the question of the settlor's intention no evidence dehors the deed of trust is admissible. She further contends that the statements of the settlor were clearly inadmissible because they were made from eight to fifteen years after the execution of the indenture of trust.

Assuming without deciding that such evidence was not admissible, we are of the opinion that there is nothing in

---

*Clarified on motion for reargument filed October 24, 1952.

the deed of trust to indicate that the rule laid down in the case of *Union Trust Co.* v. *Campi, supra,* is inapplicable or that the settlor intended to include under his use of the word "children" the adopted child of his nephew. *Therefore applying the above-mentioned rule without reference to any evidence dehors the trust instrument, which is the contention of respondent Jorgi Davis Sack, we are of the opinion that the word "children" was used in its ordinary and usual meaning; that the settlor did not intend to include the adopted daughter of his nephew within the meaning of the word "children" as used in paragraph 7 of the indenture of trust; and that said adopted daughter Jorgi Davis Sack, one of the respondents herein, is not entitled to share in the trust estate created by A. Albert Sack, Jr., but that the entire trust estate should be distributed to A. Albert Sack, IV, the other respondent in this proceeding.

The parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

## On Motion for Reargument.
### OCTOBER 24, 1952.

Per Curiam. After our opinion in the above-entitled cause was filed, the respondent Jorgi Davis Sack, through her guardian *ad litem,* asked and received permission to file a motion for leave to reargue.

The motion is predicated upon the contention that this court misconceived respondent's argument and in determining the settlor's intention considered no evidence dehors the trust instrument, whereas she had argued that she was entitled to have us consider certain evidence that was unobjected to.

The respondent's present contention is apparently based on two sentences appearing in our typewritten opinion filed

---

*Clarified on motion for reargument filed October 24, 1952.

July 18, 1952. The first may be found on page 4 thereof and reads as follows: "The respondent Jorgi Davis Sack contends that such evidence was improperly admitted and that on the question of the settlor's intention no evidence dehors the deed of trust is admissible." The second appears on page 5 and reads: "Therefore applying the above-mentioned rule without reference to any evidence dehors the trust instrument, which is the contention of respondent Jorgi Davis Sack, we are of the opinion that the word 'children' was used in its ordinary and usual meaning * * *."

The respondent has extracted these two sentences from their contexts and then, disregarding their relation to the assumption and point being discussed, joins them together and gives them a literal and more comprehensive meaning than we intended. In determining the settlor's intention we excluded the evidence to which she objected and reached our conclusion upon the remaining record.

However, to remove any possible doubt the two sentences appearing in our original opinion and now in question are hereby clarified by substituting therefor the following: (1) "The respondent Jorgi Davis Sack contends that such evidence was improperly admitted and that on the question of the settlor's intention no such evidence dehors the deed of trust is admissible." (2) "Therefore applying the above-mentioned rule without reference to such evidence dehors the trust instrument as was objected to by respondent Jorgi Davis Sack, we are of the opinion that the word 'children' was used in its ordinary and usual meaning * * *."

The respondent's motion is denied, and on October 31, 1952 the parties may present to this court a form of decree in accordance with our opinion as clarified, to be entered in the superior court.

*Tillinghast, Collins & Tanner, Colin MacR. Makepeace,* for complainant.

*Hinckley, Allen, Salisbury & Parsons (Frank L. Hinckley, Matthew W. Goring, Frank L. Hinckley, Jr.,* of counsel) for

respondent A. Albert Sack, IV, and Frank L. Hinckley, guardian *ad litem*.

*Levy, Arnold, Carroll & Bennett* (*Arthur A. Thomas, Ambrose W. Carroll, Henry C. Lind,* of counsel) for respondent Jorgi Davis Sack and Arthur A. Thomas, guardian *ad litem*.