Pearson, J.
 

 The first section of the Act of Í844, changes a well settled tule of law, and allows lands, and all interest in real estate to pass by a devise although acquired subsequently to the execution thereof. The second section changes another well settled rule, and provides that no conveyances, after the execution of a devise shall prevent whatever interest the devisor may have, at the time of his death, from passing. The third section changes another, and provides that devises shall be construed to speak and take effect as if executed, not at the time of execution, but as if executed immediately upon the death of the devisor, unless a contrary intention shall appear by the will. The fourth section provides that a lapsed or void devise shall be included in the residuary clause ; and the fifth section provides that a devise of real estate shall include any real estate which the devisor has power to dispose of.
 

 It is evident from the whole of this statute, that its object was to give to devises the most ample operation, and to change certain rules of construction which had been adopted by the Courts, but were considered by the Legislature as too technical and stringent, and calculated to defeat rather than carry out the intention of de-visors.
 

 The testator, by the first item in his will, gives to his wife
 
 “
 
 all my real estate, consisting of lots,” viz. &c. &c.; by the _ second item, he gives to his wife “all my personal estate of whatever
 
 *249
 
 nature, and he then gives her his interest in a tract of land on which one Hamrick lives, and in another tract oil which one McGuinnis lives, and he
 
 adds
 
 — “ I do give all the aforesaid bequests to my wife, her heirs and assigns forever.”
 
 u
 
 and lastly, I ordain my beloved wife to execute this my last will.” The will was executed in August, 184T. In February, 1848, the testator adds a codicil, in which he gives a negro woman and child, that he had purchased after the execution of his will; to his wife,'and directs the will and codicil to be fully carried out. In the fall of 1851, he contracted to purchase at the sale of the Clerk and Master.two tracts of land at the price of $1,875, for which he gave his notes, and died in February,'l852, before he had paid the purchase money or taken title for the land.
 

 It is evident from the whole will that the testator intended to give his wife every thing he owned on the face of the earth. He makes her his universal legatee and devisee/and» the suggestion that $1,875 is. to be taken from the personal estate in order to pay. for this land, and that the land which she is made to pay for is then to go to the brothers and sisters of the husband, as
 
 real estate undisposed of,
 
 is so inconsistent with this general intention manifest upon the face of the will, that no one can hear it without saying there must be some mistake about it.
 

 As the law was understood before the Act of 1844, such would be the result; and the question is, does that Act furnish a remedy so as to prevent the intention of the testator from being defeated ?
 

 The first section allows all after acquired real estate to pass, and includes under the term, real estate, all contingent, execu-tory or future interests, so that there is no doubt the interest under the contract, by which he became the purchaser of the land, did pass ; for the words used are broad enough to show that he intended to give his wife all of the real estate, unless the devise is restricted by the enumeration of the particular lots, pieces and parcels of land.
 

 The third section provides, that the will shall speak and take effect as if executed immediately before the death of the testator, unless a contrary intention appears. Here no intention to the contrary appears, and the effect of this section is, to make a
 
 *250
 
 will read as if the testator, at the moment of his death, had said,
 
 “
 
 1 give to my wife all the real estate which I
 
 now
 
 own, consisting of lots in the town of Shelby, viz., lot, &c., &c.;” and after enumerating a great many lots and pieces of land, concludes without enumerating the two tracts of land which he had purchased after the execution of the will and codicil; and the omission is fully accounted for and explained by the act of the law itself, which declares that the will shall speak as of the time of the death of the testator, and not as of the time of its execution. It was impossible for these two tracts of land to have been included in the enumeration at the time the will was executed. It therefore, by force of this section of the Act of 1844, is sufficient for these two tracts of land to be included in the words used immediately at the time of his death,
 
 “
 
 all my estate.” Hence there is a mistake in the enumeration of the particulars of a class
 
 ejus-dem generis -,
 
 and no more forcible instance of the wisdom of this rule, that such a mistake shall not be allowed to defeat a legacy or devise, could possibly be suggested.
 

 Clark
 
 v. Hyman, 1 Dev. 382, and
 
 Fraser
 
 v.
 
 Alexander, 2
 
 Dev. Eq. 348, were cited in the argument as opposed to our conclusion. The distinction between those cases and the present one is this : there the enumeration was in reference
 
 to classes
 
 — here the enumeration is in reference to the
 
 particulars
 
 of a class. If one gives
 
 “
 
 all of his property, consisting of both personal'and perishable,” that will not include his land: so if one gives all his property, consisting of lands, stock of any kind, household and kitchen furniture, wagon and farming tools ”— that will not include his negroes, especially if he makes another disposition of them in the same will. Otherwise, if one gives all of his land consisting of the following tracts, &c., and all of his negroes, consisting of Peter, Amy, &c., and all of his stock of horses, consisting of, &c., all of his cattle, consisting of, <fcc. Although he should omit in the enumeration a tract of land, a negro, a horse, or a cow, all would pass under the general words, which include the whole of each class; and the reason of the diversity is this : One may well be supposed to omit by mistake a particular individual of a class, and therefore, the omission shall not hurt, if he uses terms broad enough to include the whole
 
 *251
 
 class ; but he can liavdly be supposed to omit by mistake an entire class, as all of his land, or all of his negroes, if |ie intended them to pass under the general word
 
 “
 
 property ” or
 
 “
 
 estate.” In our case, however, the cause of the omission of the two tracts of land is, as we have before seen, fully accounted for by the law itselfand consequently, under the rule of law, the mistake shall not hurt.
 

 The^nterlocutory order of the Court below must be reversed; and it must be declared to be the opinion of this Court, that Helen M. Champion is entitled to the two tracts of land, mentioned in the pleadings, under the will of her husband.
 

 Per Curiam. Order below reversed, and decree accordingly.