[No. 3,928.]

## H. W. ROOD v. S. McCARGAR.

CATTLE TAKEN DAMAGE FEASANT.—The Legislature has the power to authorize hogs and cattle taken *damage feasant*, to be impounded by the owner of the premises and detained until the damages and costs are paid, and to give such owner a lien on the animals to secure such damages and costs.

IDEM.—The question not decided, as to whether the Legislature has the power to authorize a constable, without any proceedings at law, to sell hogs or cattle taken *damage feasant* and impounded by the owner of the premises, and to apply the proceeds to the payment of damages and costs.

PART OF AN ACT NOT UNCONSTITUTIONAL.—If a part of an Act which is not subject to constitutional objections can be separated from the remainder, such part may be enforced, regardless of the remaining sections.

APPEAL from the District Court, Second Judicial District, County of Butte.

The facts are stated in the opinion.

*W. C. Belcher* and *Burt & Sexton*, for the Appellant, upon the point that the Legislature may authorize the owner of premises to take up cattle and hogs found *damage feasant*, cited, *Cook* v. *Gregg*, 46 N. Y. 439; *Hale* v. *Clark*, 19 Wend. 498; *Garabrant* v. *Vaughn*, 2 B. Monroe, 327; *Ford* v. *Ford*, 3 Wis. 399; *Burrows* v. *Fassett*, 36 Vt. 625, and *Harriman* v. *Fifield*, 36 Vt. 341.

*P. O. Hundley*, for the Respondent.

The common law doctrine of distress *damage feasant* never was in force in this State. (*Waters* v. *Moss*, 12 Cal. 538; *Comerford* v. *Dupuy*, 17 Cal. 310.)

The common law was adopted only so far as it was not repugnant to the constitution and statutes of this State. (*Waters* v. *Moss*, supra.)

The common law was adopted as the rule of decision in all the courts of this State by the act of April 13, 1850. (Hittel, par. 599.)   The act is as follows:

"The common law of England so far as it is not repugnant to or *inconsistent* with the Constitution of the United States, or the constitution or the laws of the State of California, shall be the rule of decision in all Courts of this State."

The Court in the case of *Waters* v. *Moss* decides that "The rule of common law which required owners of cattle to keep them confined to their own close has never prevailed in California," because it was repugnant to no less than three acts of the Legislature adopted at the same session which adopted the common law.

By the Court, CROCKETT, J.:

The defendant being in the actual possession of a tract of land in Butte county, which he was holding and cultivating under an alleged lease from the plaintiff, found certain of the plaintiff's hogs trespassing on his grain-field and destroying certain sacks of grain in the field.   He thereupon drove the hogs into his corral, and posted notices at three

public places in the township, describing them by marks and brands, and notifying the owner to come forward, prove his property, pay the charges, and take the hogs away. He kept them in the corral for several days, feeding and taking proper care of them in the interim. At the expiration of this time, the plaintiff commenced the present action of replevin, without having previously demanded the possession, or offered to pay the charges; and the defendant having declined to give the necessary bond to entitle him to the possession pending the action, the hogs were taken by the sheriff and delivered to the plaintiff. At the trial, judgment was entered for the plaintiff for his costs; and the defendant appeals from the judgment and from the order denying his motion for a new trial.

In support of his appeal the defendant contends, first, that cattle *damage feasant* may be taken up under the rules of the common law, and held until the charges are paid; and it is claimed that this principle of the common law is in force here; second, that by the Act of March 26, 1857 (Statutes, 1857, p. 106), this rule of the common law was expressly re-enacted in respect to the County of Butte, and authorized the defendant to seize the hogs and hold them until the charges were paid. On the other hand, the plaintiff contends that the common law rule is not in force here, and that the statute is unconstitutional, because it deprives the owner of his property without due process of law.

The first section of the statute provides that if hogs be found trespassing upon the premises of any persons in certain counties, including Butte, between the first days of March and September, "the owner or proprietor of such premises may take up and safely keep, at the expense of the owner or owners thereof, all such hogs so found trespassing." The second section provides that "all persons taking up hogs trespassing upon their lands, whether enclosed or not, shall immediately post notices in three of the most public places in the township, containing a description of the ear and other marks of the hogs, whereby they may be identified." The next section provides that if the owner, within five days after the notices are posted, shall come forward and prove,

his property, the hogs shall be delivered to him, upon his paying all costs, charges and damages resulting from the trespass. The succeeding sections provide that if the owner fails to appear within the five days, the hogs shall be delivered to a constable, who shall sell them at auction after five days' notice, unless the owner shall appear in the meantime and pay the costs, charges and damages: and if the parties cannot agree as to the charges and damages, the amount is to be fixed by arbitrators mutually chosen; or if the owner fails to appear, the constable is to appoint three disinterested persons to determine the amount. If there should be any surplus remaining from the proceeds of the sale after paying the costs, charges and damages, it shall be paid to the owner, if he proves his title within fifteen days; but otherwise it shall be paid into the county treasury, to the credit of the school fund.

I discover no plausible ground on which the first three sections of the Act can be impugned as obnoxious to any constitutional objection. They merely authorize hogs *damage feasant*, to be impounded by the owner of the premises until the damage they have committed and the cost of keeping them shall be paid. They only create a lien on the property for the damages and costs, with a right to the possession until the lien is satisfied. That it is competent for the Legislature to confer such a lien on cattle taken *damage feasant*, and to authorize their detention until the damages and expenses are paid, was decided in *Cook* v. *Gregg* (46 N. Y. 441), a case very similar to the present, and we adopt the reasoning in that case.

The first three sections are readily severable from the remainder, and may be upheld though the others should be pronounced void. And it will be observed that when the action was commenced the defendant had done nothing more than he was authorized to do by the first three sections. The property had not been sold or offered for sale; and the question whether the provision for ascertaining the amount of the damage and expenses, and for a sale of the property, violates the constitution, does not arise in the case.

The first three sections being valid, and severable from.

the remainder of the Act, the defendant was rightfully in possession when the action was commenced, and could not be deprived of the possession except on payment, or a tender of the damages and expenses. If the parties cannot agree on the amount it can be ascertained by an appropriate action.

We are not to be understood as intimating an opinion as to the constitutionality of the remainder of the Act, that question not being before us.

Judgment reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.