J. H. HINES and Wife, ADA, *et al.* v. W. P. MERCER and Wife, *et al.*

(Decided October 17, 1899.)

*Will—Devise—After Acquired Land—Code, Sec. 2141.*

1. In construing wills, .the intention is the controlling fact, to be carefully ascertained.

2. Prior to the statute (Code, sec. 2141), the title of no land after the date of the will could pass thereby; but since the statute, all lands owned by the testator at his death will pass, unless a contrary intention shall appear by the will.

3. Where a testator uses general terms—as *"all of my estate"*—or,*"all of my lands or real estate"*—then,the devise will speak at the date of the death, as a general rule; but, where he refers with particularity of description to a specific subject of gift, showing that an object in existence at the date of his will was intended, and referring to the state of things existing at that time and not at his death, then the operation of the general rule is excluded.

SPECIAL PROCEEDING for sale of land for partition, transferred to civil issue docket and tried before *Hoke, J.,* at April Term, 1899, of EDGECOMBE Superior Court.

The facts agreed were substantially as follows:

Jesse Mercer, the testator, under whose will both parties claim the after-acquired land in controversy, was, in 1888, (at the date of his will), and in 1892 (at the time of his death), the owner and possessor of certain real estate in Edgecombe County, known as his home tract, on which he resided, and also of a tract of land in said county at or near Temperance Hall in said county.   This land is not in controversy.

The said testator,Jesse Mercer,was also seized and possessed at the time of his death of the land in controversy, which he acquired in 1891, which land is also at or near Temperance Hall church,and 169 yards distant from the tract heretofore

mentioned as at or near Temperance Hall, but does not adjoin said tract.

First and sixteenth items of the will of Jesse Mercer are as follows:

Item 1. I do give and devise and bequeath to Dr. William P. Mercer, and his heirs, all of my home tract of land on which I reside, being in above county and containing five hundred and fifty or five hundred and sixty acres, more or less, and including my tract of land at Temperance Hall and all of my household and kitchen furniture and all of my mules and other stock and farming implements and all my corn and fodder, said articles being used and kept on my said home tract of land; and I do direct and require and charge that said William P. Mercer shall pay the sum of $4,000 to be divided out among the beneficiaries of this will as hereinafter prescribed; and I further direct and charge that he shall give Hannah Hines a home on said tract of land and also support and care for her out of the fund hereinafter provided.

Item 16. All the remainder of my estate (including the $4,000 mentioned in item 1), rights and property, real or personal and mixed, I do give and devise and bequeath unto John R. Mercer, Malvina Hines and Elizabeth Horne (wife of J. L. Horne) to be divided between them, the said three, equally.

If the land in controversy is embraced in the 1st item of the will, sole seizin of the same is in the defendant W. P. Mercer.

If said land is embraced in the 16th item of the will, the plaintiffs and defendants are tenants in common of the same, each being entitled to the undivided interest specified in the complaint.

His Honor to decide whether the title to said land passes

under the 1st or 16th item and may hear evidence if he deems it necessary.

The sale of the land in controversy was not objected to.

His Honor, upon consideration of the facts admitted in the pleadings and upon the case agreed, adjudged that the parties to this special proceeding are tenants in common of the tract of land in controversy in the pleadings, ascertained their respective rights, and directed a sale, appointing a commissioner for that purpose.

W. P. Mercer excepted to the judgment and appealed to the Supreme Court.

*Mr. John L. Bridgers,* for defendants (appellant).
*Mr. Jacob Battle,* for appellees.

FAIRCLOTH, C. J.   This is an application to sell land for partition and the controversy involves the title of the land sought to be sold.

In 1888, the date of his will, Jesse Mercer was seized in fee of one tract of land known as his "home tract," also a tract "at or near Temperance Hall" in the same county.   The latter tract contained 70 acres.   In 1891 he became seized of another tract containing 91 acres, and died in 1892 leaving a last will and testament dated December 12, 1888.   Item 1 of said will devised to W. P. Mercer as follows:   "All of my home tract of land on which I reside (containing 550 acres) and including my tract of land at Temperance Hall," and all of his personal property on the home tract, stock, farming utensils, etc., and then charges said devisee with the payment of several specific pecuniary sums in favor of others, amounting to $4,000.

In item 16 he gives "all the remainder of my estate (including the $4,000 mentioned in item 1) rights and property,

real or personal and mixed......unto John R. Mercer, Malvina Hines and Elizabeth Horne, to be divided between them, the said three, equally." The 70-acre tract and the 91-acre tract are 169 yards apart, and each one is about the same distance from Temperance Hall church. The 91-acre tract is the land in dispute. W. P. Mercer claims it under item 1, and the others claim it under item 16.

In construing wills, the intention is the controlling fact and the Court will look with anxiety to ascertain the testator's intention. The multitudinous forms of expression and the use of words, the legal meaning of which are not understood by the testator, usually raise grave questions for the Court.

Prior to the statute, the title of no land acquired after the date of the will could pass thereby, but since the statute, all lands owned by the testator at his death will pass "unless a contrary intention shall appear by the will." Code, sec. 2141. This statute, making the will speak from the death, relates to the subject matter of disposition only, and does not in any manner interfere with the construction in regard to the objects of the gift. The reason for this is that the objects of the testator's bounty were not found within the mischiefs which were intended to be prevented by the statute. *Robbins v. Windley,* 56 N. C., 286.

Without wading through all the decided cases, according to the best authorities we have, this general rule seems to be established: That where a testator uses general terms, as "all of my estate" or "all of my lands or real estate," then the devise will speak at the date of the death; but, where he refers to a specific subject of gift, with sufficient particularity in the description of the specific subject of it, showing that an object in existence at the date of his will was intended, referring to the existing state of things at the date of the will and not at his death, then the operation of the general rule is excluded.

The death is a prospective event, but the date of the will refers to actual conditions. 1 Jarman on Wills, 318 (5th Ed); 29 Am and Eng. Enc., 360-3, and notes.

*In re Champion,* 45 N. C., 246, we have a case treading near the line. The devise was to his wife: Item 1—"All my real estate, consisting of several lots in Shelby," etc., and in item 2: "All of my personal estate of whatever nature." After the date of the will he contracted to purchase another tract, but had not paid for it at his death: *Held,* that his rights in the unpaid-for land passed to his wife, and it was put on the ground that looking at the whole instrument, the intention to give the whole estate to his wife was manifest.

Applying these rules to the case at bar, we do not find any general terms to make the will speak at the death as to the 91-acre tract, but the language "all of my home tract on which I reside, and including my tract of land at Temperance Hall," refers to specific property, the description being sufficient, and conveys the idea that the testator had in his mind the condition of things then existing. It may be inferred without violence to any part of the writing that the testator intended, if it occurred to him, that any future acquisitions should pass under item 16.

It has been suggested that charging the pecuniary legacies on W. P. Mercer indicates an intention to give him the whole estate, at his death. If so, there was no need of a residuary clause. But we can form no opinion on that suggestion, as we know nothing of the value of the several parcels of the property.

Affirmed.