Belknap, }
Nov. 7, 1911. }

## ABBOTT, *Adm'r,* *v.* ABBOTT & *a.*

Where a devise in trust directs the executor to administer the estate and expend the income for the support of the testator's daughter, empowers him to sell and convey upon a certain contingency, and disposes of the property at the death of the beneficiary in case no sale is made, the *cestui que trust* has no title to the land, either legal or equitable, which can be levied upon by her creditors.

A court of equity will not interfere in the administration of a trust unless some abuse be shown; and the question whether the discretion vested in the trustee has been properly exercised is one of fact.

PETITION FOR PARTITION. Transferred without ruling from the March term, 1911, of the superior court by *Plummer,* J., on an agreed statement of facts.

The will of the mother of Emma J. Abbott, one of the defendants, which has been duly proved and allowed, contained the following clause: "Fifth, I give, bequeath, and devise to my executor here-inafter named, in trust for the benefit of my daughter, Emma J. Abbott, the one half of the dwelling-house situated at No. 17 Laurel street, at Lakeport, in Laconia, N. H., said trustee to expend the income thereof, at such times and in such amounts as may in his judgment seem best, in paying for the comforts and necessaries of life for the said Emma J. Abbott's personal use, first using from said income whatever may be required to keep said property in good and sufficient repair; and I authorize said trustee, whenever it may appear in his judgment for the best interests of my said daughter, to sell said property, execute a good and sufficient deed to the purchaser thereof, and to pay the proceeds of said sale, after deducting the lawful fees and expenses therefrom, to my said daughter, for her sole use and disposition. In the case of the death of my said daughter before the sale of said property, the same to go to said Arthur D. and Edgar H. Elkins in equal shares."

The defendant Fowler is trustee under the will, but has not expended any of the income for the benefit of Emma. He has not sold the property and does not intend to do so. Emma owns in fee one half of the dwelling-house above described, which has been set off to her as her homestead. The plaintiff having an unsatisfied execution against Emma, her interest in the realty devised by the fifth clause of her mother's will was duly seized and sold thereon, and

was purchased by the plaintiff, who asks that his share in the real estate may be set off to him in severalty.

*James A. Broderick*, for the plaintiff.

*Cox & Fowler*, for the defendants.

Parsons, C. J. Considering all the language employed by the testatrix to declare her purpose, it is plain she did not intend to devise the half of the dwelling-house claimed by the plaintiff under the execution sale to her executor merely for the use of her daughter. If this conclusion might be drawn from the first part of the devise, where the property is given to the executor in trust for the benefit of the daughter, it cannot be when the language used to define the duties and powers of the trustee is considered. The trustee is to administer the income and must have possession and control of the property to collect the rents and make repairs, and has power to sell and convey. The testatrix intended a trust in the executor, and not a devise to the use of the daughter, which, executed by the statute, would give her the legal title. The words used were legally sufficient to declare such purpose. *Tappan's Appeal*, 55 N. H. 317, 320, 321; *Hutchins* v. *Heywood*, 50 N. H. 491; *Hayes* v. *Tabor*, 41 N. H. 521; *Upham* v. *Varney*, 15 N. H. 462; 1 Per. Tr., s. 305. She created a trust coupled with a power to administer the estate, expend the surplus income with discretion in paying for comforts and necessaries for the daughter's personal use, and to sell the property upon the contingency that in the trustee's judgment such a sale should be for the best interests of the daughter, with a gift over at the death of the daughter in case no sale had been made.

The question of the validity of provisions restraining the alienation of, or attempting to exempt an absolute legal or equitable life estate from the claims of creditors, if it could be raised in this proceeding, does not arise because no absolute estate, legal or equitable, is given the daughter. "A trust may be so created that no interest vests in the *cestui que trust;* consequently, such interest cannot be alienated, as where property is given to trustees to be applied in their discretion to the use of a third person, no interest goes to the third person until the trustees have exercised this discretion." 1 Per. Tr., s. 386 *a*; *Barnes* v. *Dow*, 59 Vt. 530, 542. No title to the land, legal or equitable, was vested in the daughter at the time of the plaintiff's purchase at the execution sale, and he has obtained none.

Whether the refusal of the trustee to pay the plaintiff's claim, which may be inferred from the case, is an abuse of the discretion vested in him to expend the income or sell the premises, which he has made no attempt to exercise, is a question not found or presented. Such discretion is not arbitrary, but is subject to revision by the court. *Ellis* v. *Aldrich*, 70 N. H. 219, 222. Whether such discretion is properly exercised is a question of fact. *Cram* v. *Cram*, 63 N. H. 35, 36. But the court will not interfere until there is evidence of abuse. *Brock* v. *Sawyer*, 39 N. H. 547, 553; *Edgerly* v. *Barker*, 67 N. H. 443, 448. In accordance with the provisions of the case, the order is,

*Petition dismissed.*

All concurred.