Hillsborough, }
Jan. 5, 1915. }

Walter M. Parker, *Trustee*, *v.* William M. Carpenter & *a.*

Where a will bequeaths the residue of an estate to a trustee and directs him to pay the net income thereof in his discretion to a son of the testator, the beneficiary has no interest in or to the trust property which can be levied upon by his judgment creditor.

Under such will, the son's assignment of the income gives the assignee a right to the fund if the trustee is of opinion that it should be so expended.

A child adopted by the son of a testator is not entitled to share in a bequest "to the children of my sons."

Where a will directs that one half the income of a trust fund shall be paid to each of the testator's sons during life and provides that upon the death of either the share held for his benefit is to be equally divided among "the children of my said sons," the children of both sons are entitled to share in a distribution upon the decease of either.

Bill in Equity, by the trustee under the will of Calvin D. Carpenter, asking the advice of the court as to the rights of the defendants Allen, Wyman, and Bean in or to the trust property. Transferred from the May term, 1914, of the superior court by *Pike*, C. J.

Calvin D. Carpenter died in 1895, leaving a will by which he gave the residue of his estate to the plaintiff in trust to pay over the income in his discretion to the testator's two sons, Charles and William, "one half to each during the natural life of each, and at the decease of each to pay over and convey the half held in trust for him together with all accumulations thereof to the children of my said sons and their heirs, to be equally divided among them, the issue, if any, of any deceased child or children to receive the share or shares of said child or children."

The defendant Allen recovered a judgment against Charles in 1910 and sold his interest in the real estate in the possession of the trustee on the execution. In March, 1913, Charles gave the defendant Wyman an order on the trustee which has not been paid. William adopted the defendant Bean in 1898 and died in 1913, leaving no natural children. The court ruled that the defendants Bean and Allen had no interest in the trust property, and that it was for the trustee to decide whether Wyman's order should be paid, and they excepted.

*Isaac L. Heath*, for the plaintiff.

*Andrews & Andrews* and *George I. McAllister*, for the estate of Charles T. Allen.

*Louis E. Wyman* (by brief and orally), *pro se.*

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for Josephine E. Bean.

*Charles A. Carpenter, pro se.*

*Henry E. Burnham* and *Albert H. White* (*Mr. White* orally), for William M. Carpenter and others.

YOUNG, J. Allen took nothing by his levy, for Charles had no interest in or to the trust property. *Abbott v. Abbott*, 76 N. H. 225. His only right under Calvin's will is the right to receive so much of the income of the fund set apart for his benefit as the trustee thinks will benefit him. *Wolfman v. Webster, ante,* 24. Consequently that was all he could assign to Wyman. In other words, the right Wyman took from Charles was the right to receive the amount of the order if the trustee thinks it should be paid.

The defendant Bean takes nothing under the will of Calvin, for she is not William's child within the ordinary meaning of the word, and there is nothing to rebut the presumption that Calvin intended to give that word its ordinary meaning.

While Calvin intended to create two trust funds, one for the benefit of each of his sons, and to give the trustee power to determine how much of the income of the fund set apart for the benefit of each son should be paid to him, when it came to disposing of the principal and accumulated income he gave each of these funds on the death of the son for whose benefit it was created, not to the children of that son, but "to the children of my said sons and their heirs, to be equally divided among them."

*Exceptions overruled.*

All concurred.