DANIEL J. MORGAN, TRUSTEE (ESTATE OF JOSEPHINE LYON) *v.* EDITH W. KEEFE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 4—decided December 2, 1948

*Paul L. Miller,* for the appellant (defendant Juanita C. Mills).

*Bradford Boardman* and *Alvin C. Breul, Jr.,* for the appellees (named defendant et al.), with whom, on the brief, was *John C. Thompson,* for the appellee (defendant Bridgeport Hospital).

ELLS, J. This is an action to construe article seventh of the will of Josephine Lyon, late of Bridgeport. The issue was whether Juanita C. Mills, an infant adopted by a nephew of the testatrix subsequent to her death, was a child of the nephew within the meaning of that article. The trial court decided that she was not, judgment was entered accordingly, and Juanita, acting by her guardian ad litem, has appealed.

The provisions of article seventh may be summarized. The testatrix gave the residue of her estate to the plaintiff in trust to pay the income to her sister, Helen C. Mills, during her lifetime. Upon the death of the sister certain sums were to go to charitable institutions and the remainder of the estate was to continue in trust, "the net income to be paid to my nephew[s], Arthur M. Wilson and C. Dudley Mills and to my niece, Edith W. Keefe, one-third to each as long as they shall live. Upon the death of any of the last named beneficiaries, if he or she shall leave children surviving, the trust shall continue as to such children and they shall receive their parents share of income until the youngest is twenty-one years of age, in such proportion and amounts and at such times as the Trustee, in his sole and uncontrolled discretion, shall deem wise." Then follows a provision as to the disposition of principal upon the termination of the trust with which we are not now concerned.

The will was executed on March 2, 1931. A codicil, the provisions of which affected only certain charitable bequests contained in the will, was dated May 8, 1933. The testatrix died on September 8, 1936, and the will and codicil were duly admitted to probate on September 21, 1936. The plaintiff is the trustee of the residuary estate. The sister died on October 12, 1946, and her life estate thereupon terminated. Arthur M. Wil-

son and his only child predeceased the sister of the testatrix. C. Dudley Mills died in 1942 leaving one child, Juanita, who had been legally adopted on August 8, 1939, nearly three years after the death of the testatrix. Edith W. Keefe is living and has two children. One of them, Nancy, was legally adopted on July 9, 1932, nearly four years before the death of the testatrix. Her status is not in issue in this appeal. The question is whether Juanita succeeded to the trust created for her adoptive father, C. Dudley Mills, deceased.

Further undisputed facts found by the trial court which are particularly significant are these: At the time of his marriage in 1925, C. Dudley Mills was an incompetent person and under a conservatorship which continued until April 24, 1939; Juanita was adopted on August 8, 1939; at no time, of course, did the testatrix know of the adoption, and at no time did she know that Mr. and Mrs. Mills intended to adopt a child; at no time during the lifetime of the testatrix did Mr. Mills or his wife intend to adopt a child. There is also a finding that at no time did the testatrix approve of the adoption of any child by Mr. and Mrs. Mills. It is attacked, in part, by an assignment of error, but the evidence and reasonable inferences which the court drew from it support the finding. The final paragraph of the finding is as follows: "It was not the intention of [the testatrix] to include an adopted child of Charles Dudley Mills as a beneficiary under her will." Error is assigned on the ground that the subordinate facts set forth in the finding do not support it. This assignment of error would require extended discussion were it not for the fact that it has been virtually abandoned in the brief of the defendant Juanita, which appears to concede that upon the facts found by the trial court she cannot prevail.

Our adoption statute, General Statutes, § 4810, as amended by § 652g, Sup. 1943, and § 1297i, Sup. 1947, is not controlling but is only a circumstance to be considered in ascertaining the intention of the testatrix. *Middletown Trust Co.* v. *Gaffey,* 96 Conn. 61, 71, 112 A. 689. Whether an adopted child can take under a provision in a will for a child or children is a matter of intent; he cannot take unless an intent to include him definitely appears from a reading of the will in the light of the surrounding circumstances, and the fact that the adoption occurred subsequent to the death of the testator is a circumstance of great weight. *Middletown Trust Co.* v. *Gaffey,* supra, 70; *Mooney* v. *Tolles,* 111 Conn. 1, 9, 149 A. 515; *Wildman's Appeal,* 111 Conn. 683, 688, 151 A. 265; *Ansonia National Bank* v. *Kunkel,* 105 Conn. 744, 751, 136 A. 588; *Trowbridge* v. *Trowbridge,* 127 Conn. 469, 472, 17 A. 2d 517.

The defendant Juanita's contention is that certain facts contained in the draft finding should be added to the finding and that if added they show an approval by the testatrix of an adoption in futuro. Mrs. Mills testified that she underwent a serious operation in 1927 which in her belief and understanding rendered her incapable of child bearing and that she conveyed this information to the testatrix at the time. The court found only that in 1927 she underwent a serious operation and that she conveyed this information to the testatrix at the time. It refused to add a finding based upon the further testimony evidently because it did not believe it. Mrs. Mills also testified in substance that in the spring of 1933 the testatrix and Mr. and Mrs. Mills visited the home of Edith W. Keefe in Boston, that while there both women became extremely pleased with the adopted daughter Nancy, that Mrs. Mills told the testatrix that she thought

Nancy was adorable and wished that she herself had a little girl, and that the testatrix asked why she did not adopt one. Mrs. Mills then said that her own finances were dubious, and Miss Lyon replied that she did not need to worry about that. The court refused to find that the conversation between Mrs. Mills and the testatrix occurred, on the ground that it did not believe the testimony.

The purpose of the requested additions was to lay a basis for the claim that the testatrix, believing that Mr. and Mrs. Mills were incapable of having children, intended that if they adopted one in the future he or she would be included as a surviving child of C. Dudley Mills under article seventh of the will. We are not called upon to decide whether the inclusion of the requested findings would bring about such a result. The trial court was the judge of the credibility of the witness. It did not believe the testimony, and obviously we cannot add it to the finding.

One further claim has been made. It stems from a brief statement made by the trial court when it refused to make the requested additions: "Examined and corrections refused. Corrections as to Paragraphs 15 and 16 [draft finding] refused because evidence to support correction was not accepted." It is claimed that this indicates that the court did not consider at all the facts stated in these paragraphs and arrived at its decision with a mind closed to their possible effect on the whole matter of interpretation. A brief answer is that the expression used by the court was merely its way of saying that it did not believe the testimony of the witness.

There is no error.

In this opinion the other judges concurred.