Edgar F. Hazeltost, J.
Cornelia Haven Peabody, the testatrix, died on February 10, 1926, leaving a will dated June 2, 1919. Under articles Thirteen and Seventeen B of the said will, testatrix created two trusts, naming her son, George Peabody as the life beneficiary thereunder. The testatrix further provided that upon the death of the said son, the trustees were to pay the corpus of said trust funds to 1 ‘ the then living child or children of my said son, George Peabody, and to the issue or descendants of any deceased child of his having issue or descendants then surviving, equally, share and share alike, per stirpes and not per capita, absolutely. ’ ’
This proceeding is brought by the accounting trustee for a construction of said provisions of the will.
It appears that George Peabody was the father of two natural born sons, George Peabody, Jr. and Joseph A. Peabody. It .further appears that on July 27, 1937, by order of the Probate Court for the District of Westport, Connecticut, George Peabody adopted one Joseph Haven Bomilly, who was born on March 31, 1921, and who was the son of his predeceased sister, Cornelia Peabody Bomilly. Subsequently, on April 18, 1944, the name of the adopted child was changed to Joseph Haven Peabody.
George Peabody died on August 23, 1958, survived by his natural son, George Peabody, Jr. and by his adopted son, Joseph Haven Peabody. The other son, Joseph A. Peabody, predeceased his father, leaving no offspring.
The question presented for determination is whether or not Joseph Haven Peabody, the adopted son, is entitled to share in the remainder together with the natural son.
The law is settled that in the absence of a contrary intention appearing either in the instrument itself or under extraneous evidentiary facts, it is presumed that a testator who was a stranger to an adoption, contemplated only the natural offspring of the named parent, as the objects of his bounty. (New York Life Ins. & Trust Co. v. Viele, 161 N. Y. 11, 20; Matter of Upjohn, 304 N. Y. 366; Matter of Hilts, 5 Misc 2d 862, affd. 4 A D 2d 1013; Matter of Baur, 205 Misc 551.) This general rule has not been *658 changed by adverse holdings in such eases as Matter of Horn (256 N. Y. 294); Matter of Charles (200 Misc. 452, affd. 279 App. Div. 741, affd. 304 N. Y. 776) and Matter of Myres (205 Misc. 880). In each instance, in the cases last mentioned, the court found that the intent of the testator, as indicated in the will, or as revealed from the surrounding circumstances, was to include an adopted child under the provisions of the will.
In the case under consideration, the adoption took place 11 years after the death of testatrix and more than 18 years after she had executed her will. Under these circumstances the adopted child obviously could not have been within the contemplation of the testatrix as an object of her bounty. (Matter of Horn, 256 N. Y. 294, supra; Matter of Upjohn, 304 N. Y. 366, supra.) Nor does the fact that the adopted child is a descendant grandson of testatrix present a cogent reason to deviate from the general rule, for it is apparent that the persons contemplated as the objects of decedent’s bounty were only the natural offspring of George Peabody, rather than one collaterally related to him, even though subsequently adopted by him. However, this court has not been able to find a case in which the salient fact here present, viz., that the adopted child was related by blood to the testatrix, was the same.
The contention is made that although testatrix was a stranger to the adoption, the use by her of the terms ‘ ‘ child ’ ’ or “ children ” in describing remaindermen is indicative of an intent to include, as such remaindermen, both the natural son of George Peabody and the son adopted by him. It has been held that the use of the term “ children ” rather than “ issue ” or “ descendants ” is not, standing alone, a manifestation of the requisite intent to include adopted children within the provisions for the offspring of a named individual, “ in view of the known frequency with which testators employ ‘ issue ’ and ‘ descendants ’ as essentially synonymous with ‘ children ’ ’ ’. (Matter of Upjohn, 304 N. Y. 366, 375, supra; see, also, Matter of Wait, 42 N. Y. S. 2d 735; Matter of Hall, 127 N. Y. S. 2d 445.) Furthermore, the precise nature of the dispositions made in the will mandate the finding that it was the preconceived plan of the testatrix that the benefits derived from each of the trusts aforesaid vest only in George Peabody and his natural offspring.
Accordingly, I hold that the adopted child is not entitled to share in the remainder.
Settle decree on notice.