J. BENTON THOMAS, CRAWFORD L. THOMAS AND INA THOMAS LENTZ PAULSTON v. HAROLD STANLEY THOMAS.

(Filed 1 February 1963.)

1. **Wills § 42—**

As a general rule, a devise in remainder to the child or children of the life tenant does not include a child adopted by the life tenant unless it appears from the instrument itself or the attendant circumstances that testator meant to include adopted children within the class.

2. **Wills § 27—**

The rule that a will speaks as of the time of testator's death relates to the subject matter of disposition only, and the persons who are to take under the will are to be determined in accordance with the intent of testator as ascertained from the language of the instrument considered in the light of the conditions and circumstances existing at the time the will was made.

3. **Wills § 42— Adopted child does not take as member of class when there is nothing to indicate that testator so intended.**

Testator devised the property in question to his son for life, remainder to the son's children, with contingent remainder over in the event the son died without surviving child or children. At the time the will was executed the son was married but childless and there was no statute providing for inheritance by an adopted child from the ancestor of the adoptive parent. After the death of testator the son adopted a child. *Held:* The adopted child does not take the remainder, there being nothing to indicate that testator intended that a child adopted by his son should

THOMAS *v.* THOMAS.

take. G.S. 48-23 is not applicable, there being a distinction between the right of an adopted child to take by devise and such right to take by inheritance.

HIGGINS, J., dissenting.
PARKER, J., joins in dissent.

APPEAL by defendant from *Carr, J.,* March Term 1962 of HOKE.

This is a civil action instituted pursuant to the provisions of our Declaratory Judgment Act, G.S. 1-253, *et seq.,* to determine the rights of the parties to the action under the provisions of the last will and testament of James C. Thomas, deceased, who died in 1926.

James C. Thomas left surviving him four children, *viz.,* William Marshall Thomas, J. Benton Thomas, Crawford L. Thomas, and Ina Thomas Lentz Paulston.

The testator, James C. Thomas, devised two farms, one consisting of 52 acres and the other 142 acres, both in Hoke County North Carolina, to his son, William Marshall Thomas, "for him to have the use of the same during his natural life, and then to his wife Agnes Thomas, for her to have the use of same during her natural life, if she should survive her husband, and then I give and devise said lands in fee simple to the children of my said son living at the time of his death and to such children of any deceased child of his as may be living at the time of his death, the grandchildren to take such shares as their deceased parent would have taken if living at the time of the death of my said son, and if there should be no such children or grandchildren, then said lands are to go in fee simple to the brothers and sister of my said son, those of the half blood to take equally with those of the whole blood * * *."

The following facts were stipulated: That on 19 May 1949, William Marshall Thomas and wife, Agnes Thomas, adopted for life Harold Stanley Thomas, who was 19 years of age at the time of the adoption; that Agnes Thomas, wife of William Marshall Thomas, died intestate on 7 June 1958, leaving surviving her husband, William Marshall Thomas, and her adopted son, Harold Stanley Thomas; that William Marshall Thomas died 2 May 1961; that there were no natural children born of the marriage of William Marshall Thomas and Agnes Thomas, and that Harold Stanley Thomas was the only adopted child.

The court below held that J. Benton Thomas, Crawford L. Thomas, and Ina Thomas Lentz Paulston, the natural children of James C. Thomas, deceased, and the surviving brothers and sister of William Marshall Thomas, deceased, are the owners as tenants in common of the real property devised in Item 2 of the last will and testament of

James C. Thomas, and that the defendant Harold Stanley Thomas has no right, title or interest therein.

Judgment was entered accordingly and the defendant appeals, assigning error.

*Hostetler & McNeill; Seawall & Harrell for plaintiffs.*
*Simons & Simons; Clark & Braswell for defendant.*

DENNY, C.J. The question for determination of this appeal is simply this: Where a testator devises real property to a son for life and then to the children of said son living at the time of his death, does a child adopted by the son after the death of the testator, take as though he had been a natural born child of the son?

If the question here were one of inheritance we think G.S. 48-23 would give us the answer. This statute in pertinent part provides: "The final order forthwith shall establish the relationship of parent and child between the petitioners and child, and, from the date of the signing of the final order of adoption, the child shall be entitled to inherit real and personal property by, through, and from the adoptive parents in accordance with the statutes of descent and distribution. An adopted child shall have the same legal status, including all legal rights and obligations of any kind whatsoever, as he would have had if he were born the legitimate child of the adoptive parent or parents at the date of the signing of the final order of adoption, except that the age of the child shall be computed from the date of his actual birth."

However, the courts in most jurisdictions still make a distinction between devises and inheritances with respect to the right of an adopted child, even though all distinctions between natural born and adopted children have been abolished by statute.

In the case of *Smyth v. McKissick*, 222 N.C. 644, 24 S.E. 2d 621, this Court held that a child adopted after the effective date of a trust indenture, could not take thereunder. The Court said: "The general rule is that the word 'child,' standing alone, when used in a deed as referring to those to take in succession, does not include the adopted child of another, unless it appears from the instrument itself or attendant circumstances that it was so intended. There is nothing in the language of the trust indentures here to indicate that the testator intended to include any others than those of his blood, and there were no extraneous circumstances, existing at the time of or before the execution of the trust indentures, which would lend color to the suggestion that an adoption by Thomas Smyth was anticipated or contemplated."

Likewise, we pointed out in the case of *Bradford v. Johnson*, 237 N.C. 572, 75 S.E. 2d 632, that a testamentary provision for a child or children of a named person, a child adopted by such person after the testator's death does not take. Among the authorities from other jurisdictions in accord with this view, we cite the following: *Morgan v. Keefe*, 135 Conn. 254, 63 A 2d 148; *Comer v. Comer*, 195 Ga. 79, 23 S.E. 2d 420, 144 A.L.R. 664; *Everitt v. LaSpeyre*, 195 Ga. 377, 24 S.E. 2d 381; *Belfield v. Findlay*, 389 Ill. 526, 60 N.E. 2d 403; *Orme v. Northern Trust Co.*, 29 Ill. App. 2d 75, 172 N.E. 2d 413; *Peirce v. Farmers State Bank*, 222 Ind. 116, 51 N.E. 2d 480; *Casper v. Helvie*, 83 Ind. App. 166, 146 N.E. 123; *Hutchins v. Browne*, 253 Mass. 55, 147 N.E. 899; *In re Chapple's Estate*, 338 Mich. 246, 61 N.W. 2d 37; *Melek v. Curators of University of Missouri*, 213 Mo. App. 572, 250 S.W. 614; *Parker v. Carpenter*, 77 N.H. 453, 92 A 955; *In re Graham's Will*, 73 N.Y.S. 2d 240; *In re Hall's Will*, 127 N.Y.S. 2d 445; *In re Peabody's Will*, 17 Misc. 2d 656, 185 N.Y.S. 2d 591; *Albright v. Albright*, 116 Ohio St. 668, 157 N.E. 760; *Central Trust Co. v. Hart*, 82 Ohio App. 450, 80 N.E. 2d 920; *In re Ware's Estate* (1958 Okla.), 348 P 2d 176; *In re Puterbaugh's Estate* , 261 Pa. 235, 104 A 601; *In re Holton's Estate*, 399 Pa. 241, 159 A 2d 883, 86 A.L.R. 2d 1; *Cochran v. Cochran*, 43 Tex. Civ App. 259, 95 S.W. 731; *Murphy v. Slaton*, 154 Tex. 35, 273 S.W. 2d 588; *Trueax v. Black*, 53 Wash. 2d 537, 335 P 2d 52; *Lichter v. Thiers*, 139 Wisc. 481, 121 N.W. 153; 86 A.L.R. 2d Anno: Adopted Child — Rights Under Will, page 58, *et seq.*

The minority view, permitting children adopted after the testator's death to be included when the word "children" is used to designate a class which is to take under the will, is represented by the following cases: *Dyer v. Lane*, 202 Ark. 571, 151 S.W. 2d 678; *In re Stanford's Estate*, 49 Cal. 2d 120, 315 P 2d 681; *Meek v. Ames*, 177 Kan. 565, 280 P 2d 957; *Edmands v. Tice* (1958 Ky.), 324 S.W. 2d 491; *In re Patrick's Will*, 259 Minn. 193, 106 N.W. 2d 888.

On the other hand, it seems to be the general rule that where no language showing a contrary intent appears in a will, a child adopted either before or after the execution of the will, but prior to the death of the testator, where the testator knew of the adoption in ample time to have changed his will so as to exclude such child if he had so desired, such adopted child will be included in the word "children" when used to designate a class which is to take under the will. *Bullock v. Bullock*, 251 N.C. 559, 111 S.E. 2d 837; *Trust Co. v. Green*, 239 N.C. 612, 80 S.E. 2d 771; *Bradford v. Johnson, supra,* and cited cases.

It is further pointed out in *Trust Co. v. Green, supra*: "The dispositive provisions of a will speak as of the death of the testator.

G.S. 31-41; *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; *Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231; *Smyth v. McKissick, supra.* However, the fact that a will speaks from the death of the testator, 'relates to the subject matter of disposition only, and does not in any manner interfere with the construction in regard to the objects of the gift.' *Hines v. Mercer,* 125 N.C. 71, 34 S.E. 106; *Robbins v. Windley,* 56 N.C. 286. Consequently, it is well settled in this jurisdiction that the intent of the testator is to be ascertained, if possible, from a consideration of the language used by him, and 'the will is to be considered in the light of the conditions and circumstances existing *at the time the will was made.' Trust Co. v. Waddell, supra; Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578; *In re Will of Johnson,* 233 N.C. 570, 65 S.E. 2d 12; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410; *Raines v. Osborne,* 184 N.C. 599, 114 S.E. 849; *Herring v. Williams,* 153 N.C. 231, 69 S.E. 140."

In the instant case, the defendant Harold Stanley Thomas was not born when the testator died. In fact, the testator executed his last will and testament on 13 March 1926 and died sometime later in that same year, 23 years before the defendant was adopted. Moreover, at the time the testator executed his will, an adopted child was incapable of inheriting from the ancestor of the adoptive parents. In fact, our first statute that authorized an adopted child to take from and through the adoptive parents was not enacted until 1941, fifteen years after the death of the testator. *Grimes v. Grimes,* 207 N.C. 778, 178 S.E. 573; *Phillips v. Phillips,* 227 N.C. 438, 42 S.E. 2d 604; *Wilson v. Anderson,* 232 N.C. 212, 59 S.E. 2d 836. Consequently, at the time the testator executed his will, there was nothing in our statutes of descent and distribution or in our adoption laws, or in the will itself, as executed, to indicate that the testator had any idea that in leaving real estate to his son for life, then in fee simple to his children living at his death, if any, would or could include any child except a child or children of the blood of the ancestor.

In 95 C.J.S., Wills, section 653, page 954, *et seq.,* it is said: "Ordinarily, an adopted child is not actually a child of the adopting parent, and does not come within the usual meaning of 'children,' as used in a will to designate beneficiaries. However, whether the term 'children' as so used in a will includes adopted children as well as children of the blood of the person designated depends on the intention of the testator, which must govern, and such intention is to be ascertained from the reading of the will, in the light of all the surrounding circumstances; it will not include an adopted child in the absence of circumstances

clearly showing that the testator so intended, but an adopted child will be deemed included in the term when the intention of the testator is clear.

"If the testator knows and approves of the adoption, as where the adoption occurs before the execution of the will, or a considerable time before the death of the testator, after the execution of the will but prior to the testator's death, or before or after the execution of the will, but prior to the death of the testator, an adopted child will be included in the word 'children.' An adoption after the testator's death, there being no indication that the testator knew that the adoption was contemplated, indicates that the adoped child was not intended to be included. * * *"

Likewise, in 57 Am. Jur., Wills, section 1365, page 904, *et seq.*, we find the following statement: "In the absence of a contrary context, it is generally held that the word 'child' or 'children' as used in a will should not be construed as including adopted children, especially where the adoption took place after the death of the testator or was for other reasons unknown to him, or the statutes relating to adoptions impose some restrictions on the rights of adoptees to inherit from or through their adopting parents; but where it is clear that the testator intended that the terms should include adopted children, that intention will be respected. * * * Among the indicia which have been relied upon as showing that a particular testator intended that the term 'child' or 'children,' as used by him, should include adopted children are the circumstance that the testator knew and approved of the adoption, and the effect of the applicable statutes relating to adoptions to make an adopted child the equivalent of a legitimate natural child for purposes of succession."

In the case of *Belfield v. Findlay, supra,* Sarah Findlay executed a will in 1916. She died in 1930. She devised her real property to her son for life and on his death "the said land to go to his children, or if he leaves no children surviving him, then said land is to go to my daughters." The son adopted a child, Nelson Findlay, in 1939. The adopted child was born in 1933. Upon the death of the adoptive parent in 1940, the identical question was raised that is presented in the instant case. The Supreme Court of Illinois said: "Here, defendant, the adopted child, was not born until seventeen years after the execution of the will of Sarah Findlay and, we note again that she died three years prior to defendant's birth and nine years before he was adopted. It follows that, under the law established by applicable decisions, defendant is not the owner of the property in controversy. Arthur Findlay, at his death, not having been survived by any child or children or other

lineal descendants, within the meaning of his mother's will, the land devised by her became the property of plaintiffs, and title was properly quieted in them. Our conclusion is in accord with the great weight of authority. Indeed, 'It is almost universally agreed that where a provision is made in a will for children of some person other than the testator, an adopted child is presumed not to be included unless there is language in the will, or there are circumstances surrounding the testator at the time he made the will, which make it clear that the adopted child was intended to be included.' 70 A.L.R. 621."

The case of *Headen v. Jackson*, 255 N.C. 157, 120 S.E. 2d 598, has no bearing on the question presented on this appeal. The question there was one which involved the interpretation of our antilapse statute, G.S. 31-42.1, in light of the provisions of G.S. 48-23.

Under the law in this jurisdiction, the plaintiffs, the brothers and sister of William Marshall Thomas, are the owners of the lands involved as tenants in common, and the judgment entered below is
Affirmed.

HIGGINS, J., dissenting: The majority opinion correctly summarizes the facts as disclosed by the record. At the time James C. Thomas executed his will and at the time of his death — both in 1926 — the testator had three sons and one daughter. To each of these children he devised lands upon substantially identical terms and conditions. In this controversy we are concerned only with the devise to William Marshall Thomas for life with remainder in fee, first to his children. After the life estate the remainder is provided for in the following words: "To the children of my said son living at the time of his death ... and if there should be no such children ... then to go in fee simple to the brothers and sister of my said son."

At the time the will was executed, William Marshall Thomas was married to Agnes Thomas. They were childless. However, effective May 19, 1949, they adopted for life Harold Stanley Thomas. Agnes Thomas died in 1958 and William Marshall Thomas died in 1961, leaving the adopted son as the only child.

The remainder given to the children was contingent for the reason that the ultimate takers of the fee could not be known until the son's death. "When there is uncertainty as to the person or persons who are to take, the uncertainty to be resolved in a particular way or according to conditions existing at a particular time in the future, the devise is contingent." *Parker v. Parker*, 252 N.C. 399, 113 S.E. 2d 899. The remaindermen must be determined by calling the roll at the time fixed in the will. Does the adopted son, Harold Stanley Thomas, have

the right to answer as a surviving child of William Marshall Thomas? The answer, decides this case. The will, speaking as of 1926, nevertheless fixes 1961 as the time to determine who are children of William Marshall Thomas. In 1926 he was married but was without child, either born or adopted. The will neither limits nor qualifies the word "children." Therefore, must we not determine who are children according to the law in effect at the time the testator appointed for the determination? The majority opinion says the testator did not mean adopted children. If the testator meant children by birth and not by adoption, by a few simple words, he could have so provided. His failure should not now be supplied by the Court.

Effective July 1, 1955, "An adopted child shall have the same legal status, including all legal rights and obligations of any kind whatsoever as he would have had if he were born the legitimate child of the adoptive parents at the date of signing the final order of adoption. . ." The rights relate back to prior adoptions. Chapter 813, Session Laws, 1955; *Headen v. Jackson,* 255 N.C. 157, 120 S.E. 2d 598; 33 N. C. Law Review. The argument that rights of adopted children involve only descent and distribution in case of intestacy is unsound. The law of adoption by specific terms extends to and includes all rights. No longer can the adopted child inherit from his actual parents, nor they from him. By the adoption order the court takes the child from one family, leaving behind his name and all rights, and places him in the family of the adoptive parents, giving him their name and all the rights of a child. Nature provides for children by birth. Realizing the loss when nature fails, the law authorizes the court, after very careful scrutiny, to supply the loss by its order of adoption.

Without force in this case is the argument the testator did not know the law of adoption might be changed to give an adopted child full family status. Neither did he know to the contrary. At the date of the will there were no children. There was a possibility of a child by birth. Likewise there was a possibility of a child by adoption. The testator selected the date of his son's death as the time for the remainder to go to a child or children. On that date the law said Harold Stanley Thomas was the son of William Marshall Thomas "for all purposes." If so, he took the remainder.

Of the cases cited in support of the majority view that a child adopted after the testator's death is not included in the term "child," only those from Indiana, Wisconsin and New York appear to have been controlled by statutes similar to ours. The New York statute contains a qualifying phrase.

On the other side, the Supreme Court of Minnesota, *In re Patrick's Will,* 259 Minn. 193, 106 N.W. 2d 888, had this to say: "In this State

adopted children stand in the same position as biological children in all respects, including their right to inherit by laws of intestacy or under appropriate testamentary provisions. By such legal policy the terms 'children' and 'issue' are presumed to include both biological and adopted offspring. . . . We have come to realize that it is not the biological act of begetting offspring—which is done even by animals— . . . but the emotional and spiritual experience of living together that creates a family." See also 43 Michigan Law Review, 705; *In re Stanford's Estate,* 49 Cal. 120, 315 P. 2d 681; *Dyer v. Lane,* 202 Ark. 371, 151 S.W. 2d 678; *Meek v. Ames,* 177 Kan. 365, 280 P. 2d 957.

Undoubtedly there is lack of uniformity in the attitude of appellate courts towards adopted children. Some are inclined to take them by the hand; others by the seat of the pants. On occasion our own Court has been reluctant to give full effect to what appears to me to be the legislative intent in fixing the rights of adopted children. The amendments to the law following this Court's decisions furnish proof. See cases cited in both opinions in *Headen, supra.* Also see 33 N.C. Law Review, there quoted.

The reasons supporting the majority opinion in this case remind me of the defense a big, rough mountain boy offered when called to answer an indictment for assault resulting in serious damage. He said he really liked the boy and didn't want to hurt him, but when he saw that new suit he had a sudden urge to mess him up a little.

A case apparently on all fours with the one before us is *Edmands v. Tice* (Ky.) 324 S.W. 2d 491. The testator died in 1896 after devising lands to his daughter for life with remainder to her children, if any. She adopted a child in 1928. The daughter died in 1954. The court gave the remainder to the adopted child, holding that the adoption statute in effect at the time of the expiration of the life estate was controlling — not the statute in effect at the testator's death.

In my view the will and the law applicable thereto give Harold Stanley Thomas the land in controversy. Consequently I am unable to join in a court opinion that takes it from him.

PARKER, J., joins in dissent.