NEWTON ALLEN, MRS. BESSIE ALLEN JACKSON AND MRS. HILDA ALLEN WHITE v. JOYCE NEWTON ALLEN, A MINOR.

(Filed 30 October 1963.)

Deeds § 13—

A deed to the grantee for life and at her death to her children does not include a child adopted by the grantee after execution of the deed as one of the members of the class to take by remainder. G.S. 48-23(a) has no application since the deed was executed prior to its enactment.

APPEAL by defendant from Hobgood, J., at Chambers April 6, 1963, in Louisburg, North Carolina. From PERSON.

Action pursuant to the Declaratory Judgment Act for construction of a deed.

Burns, Long & Burns for plaintiffs.
R. B. Dawes, Jr., and Charles B. Wood for defendants.

PER CURIAM. On 15 December 1922 A. E. Newton executed and delivered to his daughter, Maggie Newton Allen, a deed conveying a tract of land "to Maggie Newton Allen, during her life, and at her death to her children." At the time of the execution and delivery of the deed Maggie Newton Allen was married and had three young children, the plaintiffs in this action. The grantor, A. E. Newton, died in 1943. On December 20, 1959, Maggie Newton Allen and her husband legally adopted Joyce Newton Allen, the defendant in this action. Joyce Newton (Allen) is the natural niece of Maggie Newton Allen and the natural granddaughter of A. E. Newton—at the time of her adoption her natural father was dead and her natural mother incom-

petent. Maggie Newton Allen died intestate on 11 March 1962 leaving surviving her the plaintiffs, who are her natural children, and the defendant, her adopted child.

The complaint presents only one question for decision: "Does the defendant, who is a child adopted after the execution and delivery of the . . . deed, fall within the term 'children' as used in said deed?"

The facts, as set out above, were stipulated by the parties. The court adjudged that the plaintiffs "are the owners in fee simple of the property described in . . . the complaint . . ., and that the defendant, Joyce Newton Allen, has no right, title or interest therein by virtue of the . . . deed."

The judgment of the court below is affirmed under authority of *Thomas v. Thomas*, 258 N.C. 590, 129 S.E. 2d 239. See also *Smyth v. McKissick*, 222 N.C. 644, 24 S.E. 2d 621. The second sentence of G.S. 48-23(a) was not enacted until 1955, and has no application to this deed executed in 1922.

Affirmed.