PITT AND GREENE ELECTRIC MEMBERSHIP CORPORATION v. CAROLINA POWER & LIGHT COMPANY AND RICHARD PATRICK WARREN AND WIFE, PARKER NORMAN WARREN.

(Filed 29 April, 1964.)

1. Electricity § 2—

In an action by a membership corporation to have the court declare that the extension of a power company's lines and sale of current to customers of the membership corporation within territory annexed by a municipality violated the contract between the membership corporation and the power company, demurrer on the ground that the municipality was not a party and that the action required a determination of the validity of the municipality's franchise to the power company, is untenable, there being no at-

tack on the validity of the franchise and it being admitted that the rights of the parties under the contract were subject to orders of lawfully constituted authorities.

**2. Same—**

Where an electric membership corporation is serving an area prior to the annexation of the area by a municipality of less than 1500 inhabitants, the membership corporation may continue to serve such area and may accept a customer within the area even after its annexation, and therefore in its suit to have the action of a power company in extending its lines over three hundred feet to serve such customers declared a violation of the contract between the membership corporation and the power company, the power company's demurrer on the ground that the customers were not eligible to become members in the membership corporation is untenable.

PLAINTIFF appeals from *Cowper, J.,* October 7, 1963 Civil Session of GREENE.

Plaintiff seeking a declaratory judgment alleged: It was created in 1937, as authorized by Art. 2, C. 117 of the General Statutes. It has since 1948 owned and operated, on the Greene Ridge Road, a line from which it distributes electric current.

On 1 July 1960 Snow Hill, a town having a population of less than 1,500, enlarged its corporate boundaries, thereby bringing within its boundaries a portion of plaintiff's electric line, property of defendants Warren and four other customer-members of plaintiff.

In March 1960 Snow Hill applied for, and was granted, membership in plaintiff. Snow Hill has, since March 1960, purchased current from plaintiff. The current purchased is used by the town to light some of its streets. Snow Hill is served from the line on what was, prior to the annexation, called Greene Ridge Road. It is the same line used to serve plaintiff's customer-members made citizens of Snow Hill on 1 July 1960.

On 22 May 1962 defendants Warren applied to plaintiff for membership. The application was approved. A service line less than 300 feet in length was constructed from which current was delivered to defendants Warren.

In 1931 Tidewater Power Company was granted a franchise by Snow Hill, for a period of 60 years, to construct, operate and maintain in the town "at such points as the Tidewater Power Company, its successors and assigns may elect," a power plant to sell and distribute electric current. In 1951 defendant Power Company merged with Tidewater, thereby acquiring all of Tidewater's franchise rights.

Prior to August 1962, it was 950 feet from the property of defendants Warren to the nearest line of defendant Power Company. In August 1962 defendant Power Company extended its line 2,037 feet to

the property of the defendants Warren. This was done for the purpose of furnishing electricity to defendants Warren, who are now receiving current from defendant Power Company. Defendants Warren have notified plaintiff to cease serving them.

In 1951 plaintiff and defendant Power Company entered into a contract pursuant to which plaintiff purchased a large portion of the electricity which it distributed to its members. That contract, approved by the North Carolina Utilities Commission, provided in part:

"(a) Neither party, unless ordered so to do by a lawful order issued by a properly constituted authority, shall distribute or furnish electric energy to anyone who, at the time of the proposed service, is receiving electric service from the other, or whose premises are capable of being served by the existing facilities of the other without extension of its distribution system other than by construction of lines not exceeding three hundred feet in length.

"(b) Neither party, unless ordered so to do by a lawful order issued by a properly constituted authority, shall duplicate the other's facilities, except insofar as such duplication shall be necessary in order to transmit electric energy between unconnected points on its lines, but no service shall be rendered from such interconnecting facilities in competition with the other party."

On 5 January 1956 plaintiff and defendant Power Company executed a new contract for the purchase and sale of electricity. That contract superseded the contract of 1951. This contract was not expressly approved by the Utilities Commission. It contained the provisions quoted above.

Defendant Power Company has not been ordered by "any duly constituted authority" to furnish electricity to defendants Warren.

Plaintiff contends the extension of Power Company's line and the sale of current to defendants Warren violate its contract with defendant Power Company. It prays the Court so declare.

Defendants Power Company and Warren demurred. Each avers: (1) The action requires a determination of the validity of the ordinance of Snow Hill authorizing Power Company, assignee of Tidewater, to sell and distribute electricity. This question cannot be answered because Snow Hill is not a party. (2) The complaint fails to state a cause of action because the individual defendants are not eligible to become members of plaintiff. Hence the contract did not prohibit defendant Power Company from extending its line more than 300 feet to serve defendants Warren.

The court sustained the demurrer for each reason assigned. It dismissed the action. Plaintiff appealed.

*Lewis and Rouse for plaintiff appellant.*
*A. Y. Arledge, W. Reid Thompson, White & Aycock for defendant appellee Power Company.*
*I. Joseph Horton for defendants Warren.*
*Crisp & Wells by William T.. Crisp, Amicus Curiae.*

RODMAN, J. Does a determination of the contractual rights of plaintiff and Power Company depend on the validity of the Power Company's franchise? If the answer must be yes, the court correctly sustained the demurrer. G.S. 1-260. If, however, the question calls for a negative answer, the demurrer should not have been sustained for the reason first assigned.

In answering the question, these facts are decisive: Power Company does not have an exclusive franchise to serve the inhabitants of Snow Hill. (We need not now decide whether it could grant such a right, G.S. 160-2(6); *Thrift v. Elizabeth City*, 122 N.C. 31, 30 S.E. 349; 38 Am. Jur. 222-223; 64 C.J.S. 141.) Snow Hill does not contest the right of plaintiffs to sell electricity within its bounds. Plaintiff alleges, and the demurrers admit, Snow Hill is lighting its streets in the area involved in this controversy with electricity purchased from plaintiff. Plaintiff, in its brief filed here, expressly declares that it does not challenge the validity of the ordinance constituting Power Company's franchise.

The question of whether Snow Hill is "a properly constituted authority" within the meaning of the contract between plaintiff and Power Company, so that it could issue a lawful order compelling Power Company to serve particular properties, even though its lines were more than 300 feet from such properties, is not here presented. Plaintiff concedes that the limitation on the right to serve contained in the contract has no force, when an order requiring service has been issued by a properly constituted authority.

We are of the opinion, and hold, that the action as presently constituted is not a challenge to the validity of the ordinances of Snow Hill. Its rights will not be prejudiced by a judgment determining the rights of the parties to this action.

The second ground for demurrer is equally untenable. Snow Hill is a municipality with a population of less than 1,500. When plaintiff's lines were constructed, the area served was outside of the corporate limits of Snow Hill. Snow Hill is purchasing current from plaintiff. It is not

seeking to withhold from plaintiff the right to serve its inhabitants. Unless we overrule *Power Company v. Membership Corporation,* 253 N.C. 596, 117 S.E. 2d 812, and *Membership Corporation v. Light Company,* 253 N.C. 610, 117 S.E. 2d 764, we think it necessarily follows that plaintiff, under the facts here presented, had the right to offer its services to the inhabitants of Snow Hill. Defendants do not suggest the contract between plaintiff and Power Company is contrary to public policy or that it impairs the rights of any citizen of the state.

If a citizen desires service from one of the contracting parties, even though its lines may be more than 300 feet distant, he may apply to the properly constituted authority for such order as may be proper. He is entitled to a hearing and an appropriate order.

The judgment sustaining the demurrer is

Reversed.